Argued April 8, affirmed as modified July 15, 1971

PEARSON, *Respondent, v.* SCHMITT ET AL,
*Appellants.*
487 P2d 84

*Jarvis B. Black,* Portland, argued the cause for appellants. With him on the brief were Phillips, Coughlin, Buell, Stoloff & Black, Portland.

*Gerald R. Pullen,* Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Presiding Justice, and DENECKE, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

BRYSON, J.

This is an action by plaintiff to recover damages for personal injuries he suffered when he slipped and fell on snow and ice while a tenant of an apartment house owned and maintained by defendants. The complaint alleges defendants were negligent in failing to remove the ice and snow from the walkway and in failing to maintain and inspect the same. Plaintiff demanded general and special damages. Defendants entered a general denial and affirmatively alleged contributory negligence on the part of the plaintiff. The jury returned a verdict in favor of plaintiff for the sum of $10,239.50. The verdict form was unsegregated as to general or special damages.

Plaintiff alleges special damages as follows: "[He] * * * was unable to work full time at his employment, causing plaintiff to lose wages and income in the sum of $4,900, and to incur reasonable medical expenses of $239.50."

The sole question on appeal is: "Did the court err in refusing to strike from plaintiff's amended com-

plaint the allegation that plaintiff was unable to work full time at his employment, causing plaintiff to lose wages and income in the sum of $4,900 * * * [and] in instructing the jury that it could consider as special damages * * * loss of earnings not to exceed $4,900."

Plaintiff was self-employed and received his income from commissions for a personal service in the leasing of oil and gas properties in Alaska. There was no testimony explaining when he was paid for commissions he had earned, how long a time it required to consummate an oil lease transaction based on his working activities, the method of carrying on his business to obtain the leases from which he derived his income, or the cost of doing business. No books or records were introduced to substantiate his lost *net* income. Plaintiff testified that in his opinion, his estimated lost earnings "was about $4,900" for the period January through August, 1969.

In support of his motion to strike from plaintiff's amended complaint the allegation of lost wages and income in the sum of $4,900, defendants' counsel stated:

"There is no substantial proof of what this man is capable of earning in a month, or any measure that a jury, with any reasonable probability, could determine what, if any, wage loss there was."

This is not a case of lost wages. Plaintiff was conducting his own business from which he endeavored to realize a *net* profit.

This court has recently, in *Douglas Const. v. Mazama Timber,* 256 Or 107, 471 P2d 768 (1970), and *Sachs v. Precision Products,* 257 Or 273, 465 P2d 888 (1970), reviewed the law and the Oregon cases per-

taining to the recovery of damages in the form of lost profits. It would serve no useful purpose to do so again in this case. The case at bar was tried prior to these two decisions.

1. In *Sachs v. Precision Products, supra* at 655, we said, "[i]t is now the established rule in Oregon that in order to recover damages for lost profits, both the existence and the amount of such profits must be proved with reasonable certainty." We were speaking of *net* profits as distinguished from *gross* profits. The evidence submitted must provide the jury with a sufficient basis for estimating the amount of damages (lost profits) with reasonable certainty. *Stubblefield v. Montgomery Ward & Co.*, 163 Or 432, 96 P2d 774 (1940). The evidence offered must not allow the jury to freely speculate as to the amount of damages for the lost *net* profits.

2. In the present case, the plaintiff offered no evidence as to what it cost him to carry on his business. He merely testified (evidently from notes he carried in his pocket to refresh his memory) his lost earnings were *about* $4,900. We are of the opinion that the evidence offered does not meet the required test of *reasonable certainty*.

Plaintiff's counsel, during rebuttal argument, in answer to a question from this court, stated that the plaintiff would waive that portion of the verdict allowing loss of income in the amount of $4,900 in the event this court decided that the evidence of lost income did not meet the test of *reasonable certainty*. He was seriously considering his client's welfare and undoubtedly the consequences of retrying a slip and fall case in the event of reversal by this court. This was the

only portion of the case on which defendants' assignment of error was predicated.

In accordance with the above opinion, the judgment is modified and the case is remanded to the trial court to enter judgment in favor of plaintiff and against the defendants in the amount of $5,339.50, together with costs and disbursements in the lower court in accordance with the cost bill there filed. Defendants are entitled to costs on this appeal. *See opinion on rehearing, Baxter v. Baker,* 253 Or 376, 395, 454 P2d 855 (1969), *Sachs v. Precision Products, supra* at 657, and Oregon Constitution, Am Art VII, § 3.

Affirmed as modified.