Argued May 8, affirmed June 1, 1973

## NORTH PORTLAND LUMBER COMPANY,
*Respondent, v.* G. L. PINE CO., INC., *Appellant.*

510 P2d 565

*Thomas M. Mosgrove,* John Day, argued the cause for appellant. With him on the briefs were Yokom & Mosgrove, John Day.

*Wendell Gronso,* Burns, argued the cause for respondent. With him on the brief were Claud Ingram and Ingram & Schmauder, John Day, and A. Duane Pinkerton, II, and Cramer, Gronso & Pinkerton, Burns.

TONGUE, J.

This is an action for damages for conversion. Defendant appeals from an adverse judgment based upon a jury verdict for $5,000 general damages and $5,000 punitive damages. We affirm.

Plaintiff conducted a resawing operation at defendant's mill and alleged in its complaint that defendant converted various items of equipment be-

longing to plaintiff, as well as 100,000 feet of "stickers" belonging to plaintiff.

Defendant's first assignment of error is that the trial court erred in sustaining plaintiff's objections to a financial statement offered by defendant. Defendant contends that because, in an action for punitive damages, the plaintiff can offer evidence that defendant is wealthy, it follows that defendant can also offer evidence to show that it is not wealthy. Plaintiff contends, on the other hand, that unless and until it has offered evidence that a defendant is wealthy (which it did not do), the defendant is not entitled to offer evidence that it is not wealthy.

■ The cases are not in agreement on this question.[1] We need not decide the question in this case, however, because plaintiff also objected to the financial statement on the ground that it was a copy and on the further ground that it was a profit and loss statement and was not a balance sheet. Thus, although the statement showed net earnings for the current period, it did not show defendant's net worth. Those objections were well taken.

■ It is well established that a trial court will not be reversed for sustaining an objection to evidence because one ground for objection may not be well taken, even if the trial court relied upon that ground in sustaining the objection, if objection was also made upon other grounds which were well taken. Indeed, even if an objection is no more than a general objection and is sustained, the trial court will not ordinarily be reversed if any valid ground existed for the exclusion

---

[1] See Parker v. Hoefer, 118 Vt 1, 100 A2d 434 (1953). Cf. Mullin et al v. Spangenberg, 112 Ill 140 (1884), and Draper v. Baker, 61 Wis 450, 21 NW 527 (1884).

of such evidence. McCormick on Evidence (2d ed 1972) 116, § 52.

Defendant also says that plaintiff waived these additional grounds for objection. Upon examining the record we find that they were specifically stated by plaintiff and were not waived.

■ Defendant's second assignment of error is that the trial court erred in not allowing defendant's motion at the conclusion of the trial to strike from the complaint allegations relating to the conversion of the "feeding dock conveyor and motor at chipper."

In support of that assignment defendant contends that plaintiff had no ownership or right to possession of these items. We have examined the record and find that although there may have been some conflict in the testimony, and although plaintiff did not own the chipper itself, there was substantial evidence from which the jury could have properly found that plaintiff both owned and had the right to possession of the "feeding dock conveyor and motor at chipper."

Defendant's final assignment of error is that the trial court erred in denying defendant's motion at the conclusion of the trial to strike from the complaint the claim for the value of "100 m' 2 x 4—48" stickers for pallets."

In support of that assignment defendant contends that defendant had the right to use these "stickers" to make pallets under an agreement that it would "keep track of what stickers were used" and pay for them, with the result that defendant as "one who [was] entitled to the immediate possession" of such goods was "not liable to another for dispossessing

him of it," citing 1 Restatement 505, Torts 2d § 272, and Comment *a*.

■ Again, we have examined the record and find that the evidence was conflicting. We also find, however, that there was substantial evidence from which the jury could have properly found that upon plaintiff's manufacture of the "stickers" it was the owner of and entitled to the immediate possession of the "stickers" and, as such, was free to sell or otherwise dispose of them as plaintiff in its sole discretion chose to do; that plaintiff did, in fact, sell some "stickers" to other lumber companies; that defendant had no right to immediate possession of any of the "stickers," but that defendant had the right to purchase such "stickers" upon the condition that it first make a tally of any "stickers" to be purchased by it; that defendant took all or nearly all of the "stickers" left by plaintiff when its operations were closed down and did so without making any "tally" of such "stickers"; and that in doing so without making such a tally defendant took property which it did not own and of which it had no right to take possession, with the result that defendant converted property owned by plaintiff and to which plaintiff, rather than defendant, had the right to immediate possession. There was also testimony that defendant made no claim of ownership in these "stickers."

For these reasons we affirm the judgment of the trial court.