Argued December 2, affirmed December 18, 1975

PUMPELLY, *Appellant, v.* REEVES, *Respondent.*

543 P2d 682

*Robert J. McCrea,* Eugene, argued the cause for appellant. With him on the briefs were Morrow & McCrea, P.C., Eugene.

*James C. Goode,* Albany, argued the cause for respondent. With him on the brief were Goode, Goode, Decker, Hinson & Ryan, P.C., Albany.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and BRYSON, Justices.

TONGUE, J.

This is an action for personal injuries sustained by plaintiff to his leg as the result of a collision between his motorcycle and defendant's automobile in Florence. Plaintiff appeals from an adverse judgment based upon a jury verdict in favor of defendant. We affirm.

Plaintiff assigns as error the exclusion of an offer of proof upon objection by the defendant. Plaintiff had previously testified, among other things, that he was a self-employed carpet layer and did business under the name Florence Carpet Service and that he contracted carpet laying jobs in the Florence area for different retail stores, including Western Lane Furniture and Fashion Floors, on a "job by job basis." He also testified that as a result of the injury to his leg he was unable to use a "knee kicker," as required to stretch carpets in laying them.

The accident occurred on May 19, 1973, and plaintiff testified that he did not have any carpet laying jobs in June, July and August because he "couldn't use the kicker"; that the carpet laying business is seasonal and that the season of "greater activity" is from May to September.

After objections were sustained to some further questions on this subject plaintiff's attorney then made the following offer of proof to establish that plaintiff's earning capacity had been impaired during that period.

"MR McCREA: Had the plaintiff been allowed to proceed along its line of questioning the plaintiff would have introduced evidence from the plaintiff who is on the stand that the months of— I think he testified these months were the best months—and that the principal amount of income in a carpet business comes in those months. If there was business available, specifically, from two principal sources, Fashion Floors and Western Lane Furniture, that the plaintiff could not have performed that business, and the plaintiff would have introduced two additional witnesses, Mr. Henry Johnson of Western Lane Furniture, who would have testified, had the plaintiff been able to work he would have gotten the business of Western Lane Furniture and that that business would have been substantial throughout the summer of 1973, specifically, June, July and August. Further, the plaintiff would have produced a Mr. Michael Miles who would have testified that the business was referred to him when the plaintiff was incapacitated and unable to work; that he did the work concerned with the Western Lane Furniture and concerned with Fashion Floors and that that work totaled, the work that he did, the testimony would indicate, *the plaintiff would have had $3,439 in June, $1172.14 in July, and that's the combination of the Western Lane Furniture and Fashion Floors. Now, in August we have it broken down: Western Lane Furniture, $4422, and Fashion Floors, in August $1811.06.*" (Emphasis added)

An objection to that offer of proof was sustained upon the ground that it was "completely speculative." Plaintiff contends that this offer of proof was not speculative, but that it was "of sufficient pro-

bative value to indicate fairly the capacity of the plaintiff to earn money in his usual vocation" within the rules stated by this court in *Conachan v. Williams,* 266 Or 45, 54-55, 58-59, 64, 511 P2d 392 (1973), among other cases.

Defendant contends, to the contrary, that in both *Conachan* (at 60) and in *Plourd v. Southern Pac. Transp. Co.,* 272 Or 35, 534 P2d 965 (1975), this court held that before evidence of earnings by other persons may be received on the issue of impairment of a plaintiff's earning capacity it is necessary to establish as a foundation for the admission of such evidence that there was a substantial similarity in the circumstances involving the earnings by such other persons, as compared with those of the plaintiff.

Defendant also contends that this court held in *Jenks v. Larimer,* 268 Or 37, 42, 518 P2d 1301 (1974), a case also involving a plaintiff who did not work for wages, but who was self-employed as the operator of a driving school business, that in such a case there must be sufficient "supporting data" to establish past or future earnings "in terms of net, rather than gross earnings or income." Thus, as pointed out by defendant, the offer of proof as to the "dollar figures" on carpet laying jobs which would have been available to plaintiff during June, July and August 1973 did not indicate the "composition" of such figures and "the jury would have to guess whether the amounts represented net profits" or included materials or other expenses, such as overhead expenses. We agree.

In *Jenks v. Larimer, supra,* the plaintiff's testimony was that he lost $19,802 of earnings which he computed upon the basis of working 50 hours per week at $8 per hour for 50 weeks, less amounts actually earned by him during that period. In holding that such evidence was not sufficient to sustain an award

for loss of earnings or income we held (at 41) that plaintiff's claim was "not that of an employee, but the claim of the owner and operator of a small business" and was "subject to payment of overhead and other costs of operating a business," among other things, and that he was "not entitled to claim the gross amount payable to him." Instead, "as the owner and operator of a small business he was entitled to be paid the net loss of earnings of that business which resulted from his disability."

Plaintiff says that his claim was not that of "a small business owner who hired employees under his supervision to do his work for him," but that he was a "self-employed carpet layer" who "never utilized hired help." Assuming this to be true, plaintiff nevertheless operated a carpet laying business as an entrepreneur. In the absence of clarifying facts which were not included in the offer of proof, it is fair to assume that he had at least some expenses of operation, including overhead, which must be deducted from the substantial amount which he says that he "would have had" during the three months in question in arriving at the amount of his net earnings for that period.

■ It does not appear from plaintiff's offer of proof whether the sums of $3,439, $1,172.14 and $6,233.06 that he allegedly "would have had" in June, July and August represented the "gross amounts payable to him," rather than the "net loss of earnings" of his business during those three months. For these reasons, we hold that the rule as stated in *Jenks v. Larimer, supra,* is controlling in this case.

■ It is well established that when a single offer of proof contains both admissible and inadmissible matter, as in this case, it is not error to reject the entire offer. *Smith v. White,* 231 Or 425, 435, 372

P2d 483 (1962), and *Rader v. Gibbons and Reed Company,* 261 Or 354, 363, 494 P2d 412 (1972). It follows that the trial court did not err in rejecting that offer of proof.

■ Even if it be true that the trial court rejected the offer of proof upon the ground that it was "speculative," as stated by plaintiff, rather than because the "figures" used for the purpose of that offer of proof were "gross" instead of "net" figures, it is also established that the reason given by the trial court for excluding testimony objected to is immaterial and is not ground for reversal unless this court can say that the ruling was erroneous and prejudicial. *Riley v. Good,* 142 Or 155, 158, 18 P2d 222 (1933). See also *City of Portland v. Therrow et al,* 230 Or 275, 281, 369 P2d 762 (1962); and *N. Portland Lbr. Co. v. G. L. Pine Co.,* 265 Or 617, 619, 510 P2d 565 (1973).

■■ In any event, the objection in this case that the offer was improper as "speculative" was a proper objection in the sense that the figures used were apparently "gross," not "net" figures, from which it follows that the claim for impairment of earning capacity was not established by evidence which would "indicate fairly the capacity of the plaintiff to earn money in his usual vocation," as is required in such cases. See *Conachan v. Williams, supra* at 64, and *Tavenner v. Figini,* 273 Or 416, 541 P2d 437 (1975). Cf. *Jenks v. Larimer, supra* at 42.

This disposition of plaintiff's assignment of error makes it unnecessary to consider plaintiff's further contention that the rejection of that offer of proof, if in error, was so prejudicial that a new trial should be granted despite the fact that the jury returned a verdict in favor of defendant.

Finding no error, the judgment of the trial court is affirmed.