Argued May 18, affirmed June 13, 1977

STATE OF OREGON, *Respondent,*
*v.*
DWIGHT WAYNE ADAMS, *Appellant.*
(No. 76-913-C-2, CA 7541)

565 P2d 394

Robert C. Cannon, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

Defendant appeals his convictions for custodial interference in the second degree, ORS 163.245, and burglary in the first degree, ORS 164.225. He assigns as error the circuit court's denial of his motions for acquittal on both counts.[1]

At a circuit court hearing on April 9, 1976, the defendant's marriage to his then wife was dissolved and legal custody of their only child, approximately 14 months old, was awarded to the mother. Minutes later a man allegedly forcibly entered the residence of the child's babysitter and removed the child. Defendant's motions for acquittal were based upon an alleged paucity of evidence identifying him as the man in question.

The evidence shows that prior to the dissolution hearing, a Susan Stevens, who later married defendant, brought both her child and defendant's child to the home of a babysitter. Following the hearing, defendant hurriedly left the courtroom, at which time the judge called the babysitter and told her not to deliver the child to anyone except the mother. Within minutes a man came to the babysitter's door with Susan Stevens. The man demanded the defendant's child and when the babysitter refused he forced the door open, entered the house, picked up the child, and left. Susan Stevens left with her own child at that time. The babysitter did not previously know defendant and was unable at trial to identify him as the man who had come to her house that day. Defendant was arrested and extradited from California to Oregon.

Among the evidence submitted to the jury was the following testimony of Susan Stevens Adams, who testified on behalf of the state:

"Q. Did you know the defendant, Dwight Wayne Adams, during April of 1976?

---

[1] Defendant was indicted for custodial interference in the first degree, however the jury was instructed on custodial interference in the second degree as well.

[ 829 ]

"A. Yes, sir, I did.

"Q. Did you have a child at that time whom you had left with Estelle Highland for babysitting purposes?

"A. Yes, I did.

"Q. Were you present at a hearing in the Circuit Court in this County, in this courthouse on that day [April 9]?

"A. Yes, I was.

"* * * * *

"Q. Where did you go when you left the courthouse after the hearing?

"A. I went to the baby sitter's.

"Q. Did you accompany Mr. Adams there?

"A. He accompanied me —"

The witness' last response was interrupted by defense counsel's question in aid of an objection on the grounds of marital privilege. The objection was sustained. Defendant contends the trial court erred in relying on Susan Stevens Adams' incomplete answer as grounds for overruling the motion for acquittal. We do not reach the question.

■ Any paucity in the evidence as to whether defendant was the person who took the child from the babysitter's home is cured by the judicial admission of the defendant's counsel made in the opening statement. A judicial admission is one made by a party or his attorney for the purpose of dispensing with proof of a fact in issue. *Foxton v. Woodmansee,* 236 Or 271, 278, 386 P2d 659, 388 P2d 275 (1964). It is not necessary that counsel make an express declaration to establish the requisite purpose if under the circumstances it is clear the counsel intended to make the admission. In *State v. Whiteaker et al,* 118 Or 656, 663-64, 247 P 1077 (1926), defendant was convicted of a securities law violation. On appeal defendants contended that the state had failed to prove that a securities license or permit had not been issued to them. The court disposed of this issue with the following comment:

"* * * In the opening statement to the jury counsel

for appellant, in response to the inquiry from the court, 'Do you claim to have had a permit from the Corporation Department to sell these (referring to " 'securities' ")?' answered, 'No, your Honor, I claim this: that I drew up a receipt which, according to my notions, conformed with the Blue Sky Law, did not conflict with it.' It was not necessary for the prosecution to prove that which was admitted in open court: [Omitting cite.] Such admissions are conclusive, whether made by the prosecuting officer or counsel for the accused, and the same rule obtains in criminal as well as in civil cases: [Omitting cite.] In *State v. Wilson,* 166 Iowa 309 (144 N.W. 47, 147 N.W. 739), the court said:

" 'It is elementary that admissions made in the course of judicial proceedings are substituted for and dispense with actual proof of facts.' [Omitting cites.]"

■ In the present case the prosecutor during his opening statement stated that defendant proceeded directly from the courthouse to the babysitter's house, forcibly entered and took the child. Counsel for the defendant stated:

"Mr. DeSimone [the prosecutor] has gone over the basic facts in the case. I don't believe there is going to be too much dispute as to the facts in the case. The dispute is going to be on the conclusion drawn on the facts, upon the motive of the defendant, Mr. Adams, and basically whether or not he is guilty, of violating the law in the manner or in the way charged by the State, or whether he is perhaps merely disobeying an order of a judge and not committing criminal acts.

"* * * * *

"The evidence will show that Mr. Adams had custody of this child since the child was approximately two months old, and that he himself placed the child with the baby sitter prior to the day in court in April, and that he merely returned to pick up his child, and I think the evidence will clearly show this was contrary to the Court's order. Whether or not the matter warrants a conviction of these two charges we feel the evidence will not produce such a belief in your minds as you will bring back a not guilty verdict."

Affirmed.