Argued March 29, affirmed May 14, 1979

SPRAGUE, *Respondent,*
*v.*
MAGRUDER FARMS, INC., *Appellant.*
(No. 23224, CA 10701)
594 P2d 1324

Larry Dawson, Portland, argued the cause and filed the brief for appellant.

Robert A. Lucas, Ranier, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, Thornton, Gillette and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Plaintiff sued in negligence under ORS 607.045 (livestock at large in livestock district) for damages to his oat crop caused by the defendant's cattle. The jury returned a verdict for the plaintiff.

Defendant appeals and assigns as error the trial court's failure to grant motions for a nonsuit and for a directed verdict. Defendant's grounds for the motions were: (1) plaintiff failed to prove facts sufficient to sustain an action based on ORS 607.045; and (2) plaintiff failed to prove a net loss by satisfactory evidence.[1] We affirm.

The following facts were undisputed. Defendant subleased to the plaintiff three fields totalling 221 acres for the 1976 season. Plaintiff planted the fields with oats. Defendant was to receive a cash rent. Plaintiff was an experienced farmer and had been raising oats as a cash crop in the Clatskanie area for about 10 years. Defendant's basic cow herd ran from 700 to 800 head. In the spring of 1976, because of the drought in California, defendant expanded the cattle herd to 6,500 cows and calves. Of these, 5,000 head were grazed on various parcels of land in the Beaver Drainage District where the plaintiff had leased the 221 acres. The California cows were "trader" cows; they were bought with the hope of establishing a quick gain over a period of a few months. Some of the cattle were grazed on land adjoining plaintiff's oat fields. Defendant used a combined system of fences and drainage ditches to hold the cattle in the pastures.

Plaintiff's complaint alleged that the defendant was negligent in one or more of the following particulars:

1. In failing to maintain fences properly;
2. In permitting the cattle to run at large;
3. In failing to maintain proper control of the

---

[1] Defendant's motions for nonsuit and for directed verdict recited identical grounds.

[333]

cattle and allowing them to go upon land under the control of another.

Defendant's first ground for a motion for a nonsuit and for a directed verdict claimed that plaintiff failed to prove facts sufficient to sustain an action based on ORS 607.045. Defendant split this ground into two parts: (1) failure to prove that the cattle were "running at large"; and (2) failure to prove that the cattle were "upon the land of another."

ORS 607.045(1) provides:

> "No person owning or having the custody, possession or control of an animal of a class of livestock shall permit the animal to run at large or to be herded, pastured or to go upon the land of another in a livestock district in which it is unlawful for such class of livestock to be permitted to run at large."

An owner of livestock permits them to run at large when with his knowledge or because of his negligence the livestock roam and feed at will and are not under anyone's immediate direction and control. *Parker v. Reter*, 234 Or 544, 383 P 93 (1963); *Lemery v. Leonard*, 99 Or 670, 196 P 376 (1921); *Keeney v. O.R. & N. Co.*, 19 Or 291, 292, 24 P 233 (1890).

We view the evidence in the light most favorable to plaintiff and plaintiff is entitled to the benefit of every reasonable inference which may be drawn therefrom. *Scott v. Mercer Steel/Edward Realty*, 263 Or 464, 503 P2d 1241 (1972). The jury could have found from the evidence the following additional facts. The fences and drainage ditches would not restrain defendant's cattle. The fences were in poor repair. Cattle could walk across some of the ditches. Defendant's cow foreman said, "[Defendant was not] about to build any fences." Defendant's comanager said, "[Defendant] couldn't afford to build fences on leased property." Defendant's cattle were in plaintiff's oat field on numerous occasions. Defendant's employes drove the cattle from the oat fields and knew of the damage. Plaintiff put defendant on early notice that at harvest time he

would expect to be paid for the damage done by the cattle. From this evidence the jury could have found that defendant permitted its cattle to run at large.

■ Defendant argues that because the plaintiff was leasing the 221 acre oat fields from the defendant that it was not the plaintiff's land and therefore not "the land of another." A common sense construction of the statute is required. *Didie v. S.I.A.C.*, 243 Or 460, 414 P2d 325 (1966). The statute would have little meaning if the legislature did not intend to protect people with only a possessory interest in land from damage to livestock running at large. By reason of the lease, plaintiff was entitled to the possession of the oat fields to the exclusion of defendant. Plaintiff's oat fields were, therefore, "the lands of another" within the meaning of ORS 607.045 (1).

■ Defendant's second ground for its motions for a nonsuit and for a directed verdict alleges that plaintiff failed to prove a net loss by satisfactory evidence.

Plaintiff testified that under normal conditions the oat fields in question would have produced one and one-half tons per acre. This testimony was corroborated by other witnesses. Other fields farmed by plaintiff did in fact produce one and one-half tons of oats per acre. Plaintiff, as he harvested the crop, kept track of the yield from the three fields that were damaged. His tally sheets from these fields were introduced into evidence. By subtracting the actual yield from the expected yield of one and one-half tons per acre, the plaintiff computed that he had lost approximately 149 tons of oats. The order from Triangle Milling Co. to purchase plaintiff's oat crop for $102 per ton was received as evidence. The gross loss claimed was approximately $15,200. The only savings by virtue of the reduced crop was in the hauling. The plaintiff testified that he was saved 25 trips of 15 miles each. Time for each trip would have been about 1 hour. The employe's wages would have been $3.00 per hour and the operating cost of the truck, $2.00 per

mile. Under this formula, the reduced crop saved plaintiff $825 hauling costs. The gross loss of $15,200 less $825 equals a net loss of $14,375. The jury awarded the plaintiff $14,061.37.

Defendant argues that under *Pearson v. Schmitt*, 259 Or 439, 487 P2d 84 (1971), plaintiff did not prove his loss by satisfactory evidence. In *Pearson*, plaintiff testified merely that his lost earnings were "about $4,900." He offered no evidence of his costs of doing business. The court held that plaintiff's evidence did not meet the required test of reasonable certainty. Here, in contrast to *Pearson*, plaintiff submitted (1) tally sheets recording the harvest, and (2) an order for the purchase of his crop at $102 per ton. He also testified as to his employe's hourly wages and the estimated operating cost of his truck per mile.

Affirmed.