Argued and submitted September 16, 1981,
affirmed February 22, 1982

# STATE OF OREGON,
*Respondent,*

*v.*

# DARRELL WILLIAM HOWELL,
*Appellant.*

## (No. C 80-11-34026, CA A20478)

641 P2d 37

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

**JOSEPH, C. J.**

The issue in this case is whether the attorney-client privilege protects certain information disclosed by the defense to the state in a pretrial conference in a criminal case.[1]

Defendant was charged with kidnapping in the first degree, attempted sodomy in the first degree and rape in the first degree. Pursuant to the Multnomah County Circuit Court Rules,[2] a pretrial conference was held. The record discloses little about the conference. Defendant, his attorney and a deputy district attorney attended, and a form was filled out. The form is a three-page document with numbered pages and the words "Pre-trial Disclosure" written in the lower left-hand corner of each page. It is divided into three sections, labeled "Disclosure by Plaintiff," "Disclosure by Defense" and "Plea Negotiation." The first two sections generally relate to information required by ORS 135.815 and ORS 135.835. The defense disclosure section additionally provides for the defense to indicate any motions that will be filed and the defenses intended to be relied upon. The "Plea Negotiations" section is for information about the state's plea offer and defendant's response to that offer. The form is required to be signed and dated by defense counsel and the deputy district attorney, and it was.

Under the defense disclosure section, defense counsel listed defendant's girlfriend as a witness and checked a box labeled "alibi." The plea negotiations page shows that the deputy district attorney offered to dismiss the charges of kidnapping and attempted sodomy in exchange for a plea of guilty to the rape charge. The form indicates that the defense was considering the offer, which was to be kept open until trial calendar call.

Defendant was tried before a jury on January 6, 1981. Credibility was a central issue. When defendant

---

[1] That is not the only question defendant wishes us to reach. However, because of the procedural posture of this case, that is the only one before us.

[2] Rule 3.70(1) specifies that the defendant and his attorney and the deputy district attorney must be present at the conference. The state is required to disclose its plea offer at or before the pretrial conference. Rule 3.70(5).

testified that complainant consented to the sexual activity, the prosecuting attorney, in order to show that defendant had "recently concocted" this story, showed defendant the page of the pretrial conference form which contained the defense disclosure section. He then questioned defendant, over defense counsel's objection that the answer "gets into privilege," about why he changed his defense. Defendant responded:

> "At the time it come along I wasn't sure about the paper work they brought to me. I didn't know what was going on with the charges they brought against me. I didn't know who it was or nothing. I was home with my girlfriend at the time. The girl told me her name was Susan and when they brought the charges on me and everything I started thinking I did go to the store with my girlfriend that one night.[3]

> "That's why I called my attorney and told him about that. So that is why we changed it, the alibi deal. I didn't know what was happening."

He was found guilty on all counts. Represented by new counsel, defendant moved for a new trial, which was denied.

■ ■ Defendant argues that the form and the cross-examination related to its contents were inadmissible. However, defendant's objection at trial was directed only to the *cross-examination* of defendant about his use of an alibi defense. He did not object to the state's attempt to introduce the form into evidence. Therefore, the question of the admissibility of the form is not properly before us, and we decline to reach it.[4] Moreover, even assuming that

---

[3] Defendant encountered the victim while on his way to the store to buy some Popsicles for his girlfriend.

[4] Only under exceptional circumstances will a question not raised and preserved in the trial court be considered on appeal. *State v. Kessler,* 289 Or 359, 614 P2d 94 (1980). On appeal, defendant for the first time makes a constitutional argument that the trial court's decision to allow admission of the pretrial disclosure form renders ORS 135.455 violative of his Fifth Amendment right against self-incrimination. ORS 135.455 *requires* giving pretrial notice of an alibi defense if one is to be asserted at trial. If evidence of this notice can be used by the state at trial, then, according to defendant, the decision whether to abandon this defense at trial is no longer left to his "unfettered choice." *See Williams v. Florida,* 399 US 78, 84, 90 S Ct 1893, 26 L Ed 2d 446 (1970). The contents of the form do not satisfy ORS 135.455, and there is nothing in the record to indicate that the information furnished was intended to satisfy the statute.

defendant's objection was directed to the document itself, we review only those grounds urged in support of the objection when made. *State v. Director,* 113 Or 74, 231 P 191 (1924); *State v. Crace,* 26 Or App 927, 554 P2d 628 (1976). The sole ground urged by counsel in support of his objection was "[t]hat form was marked by myself. I think it gets into privilege." The "privilege" urged on appeal is protection of a client's communications with his attorney. ORS 44.040(1).

■ ■ The attorney-client privilege cannot be invoked where the communication to the attorney is not intended to be confidential. *See Baum et ux v. Denn et al,* 187 Or 401, 406-07, 211 P2d 478 (1949). The indication of an intended alibi defense on the pretrial disclosure form was not a confidential communication; it was meant for the state.[5] Defendant's testimony at trial that the complainant consented to the sexual encounter was certainly not meant solely for the ears of defense counsel. Although defendant's explanation at trial about why he changed defenses may have been the same explanation given in confidence to his attorney, the explanation is not thereby shielded by the attorney-client privilege. Moreover, the question was not *about* any communication between attorney and client. It was about why defendant told the state one thing and then testified to the contrary.

Defendant also urges on appeal the argument made in support of his motion for a new trial that the admission into evidence of defendant's alibi notification violated ORS 135.435(1)(c).[6] However, defendant did not assign as error the denial of his motion for a new trial, and we do not reach that question. *See State v. Heintz,* 286 Or 239, 594 P2d 385 (1979).

---

[5] The argument that defendant's attorney and not defendant himself marked the form on the basis of a privileged communication from defendant, thereby rendering the form itself a privileged document, is without merit. Defendant was present when the document was filled out. He presumably consented to the revelation of any confidences to the state. If defense counsel was revealing a confidence in marking "alibi" on the form, the time to have invoked the privilege was at the pretrial conference, not at trial.

[6] ORS 135.435(1)(c) prohibits admitting evidence of

"[a]ny statement or admission made by the defendant or his attorney and as a part of the plea discussion or agreement."

■ ■ The trial court admitted the "statement" of alibi as a judicial admission. We agree with defendant that the disclosure was not a judicial admission. It was not an admission of any *fact* other than an intent to rely on an alibi defense and was not made for the purpose of dispensing with proof of any fact in issue. *See State v. Whiteaker,* 118 Or 656, 663-64, 247 P2d 1077 (1926); *State v. Adams,* 29 Or App 827, 565 P2d 394 (1977); *see generally,* McCormick, Evidence, § 262 (2d ed 1972). Nonetheless, a trial court's reasons for ruling on the admission of evidence are immaterial, unless the ruling is erroneous and prejudicial. *See, e.g., Pumpelly v. Reeves,* 273 Or 808, 543 P2d 682 (1975); *City of Portland v. Therrow, et al,* 230 Or 275, 369 P2d 762 (1962); *Riley v. Good,* 142 Or 155, 18 P2d 222 (1933).

Affirmed.