Don M. SAWYERS and Garth W. Sawyers, and Alpine Trailer Sales and Service, Inc., Plaintiffs and Appellants,

v.

FMA LEASING COMPANY, Defendant and Respondent.

No. 20079.

Supreme Court of Utah.

July 17, 1986.

Kathryn Schindelar, Salt Lake City, for plaintiffs and appellants.

Blake Miller, Milo S. Marsden, Salt Lake City, for defendant and respondent.

PER CURIAM:

This appeal arises out of plaintiffs' action to recover lost profits which they claim to have suffered after defendant FMA Leasing Company (FMA) cancelled their $100,000 line of credit. The trial court denied those damages as too speculative in nature. We affirm.

. The pertinent facts may be briefly summarized. Plaintiffs were distributors of end-dump coal trailers manufactured and adapted specially for their needs by Summit Trailer Company of Pennsylvania. Plaintiffs obtained a line of credit from FMA in order to supply interim financing for the trailers. Shortly after plaintiffs commenced business, FMA cancelled their

line of credit. As a result, plaintiffs lost their distributorship and sued FMA for wrongful termination of credit and resulting loss of future profits. The trial court found that FMA had wrongfully terminated plaintiffs' line of credit but that plaintiffs' claimed damages for loss of future profits were too speculative and that the evidence submitted was insufficient to enable the court to determine the amount of damages. Plaintiffs moved for an amendment of the judgment. The motion was denied, and this appeal ensued.

The only issue before us is whether the trial court erred in denying plaintiffs their damages for loss of future profits. Plaintiffs urge that uncertainty as to the amount of damages is not fatal to their claim so long as they have successfully proved their cause. They rely on our holdings to that effect in *Cook Associates, Inc. v. Warnick*, 664 P.2d 1161 (Utah 1983); *Penelko, Inc. v. John Price Associates, Inc.*, 642 P.2d 1229 (Utah 1982); and *Terry v. Panek*, 631 P.2d 896 (Utah 1981), among others. FMA responds that plaintiffs failed to establish with reasonable certainty either the fact or the amount of lost profits, and that the trial court properly denied recovery for lost profits.

■ If there is competent evidence to support the findings upon which the judgment is rendered, the judgment must be sustained. *Monter v. Kratzers Specialty Bread Co.*, 29 Utah 2d 18, 504 P.2d 40 (1972). The fact of damages must be proven with reasonable certainty and the amount by a reasonable though not necessarily precise estimate. *Atkin, Wright & Miles v. Mountain States Telephone and Telegraph Co.*, 709 P.2d 330 (Utah 1985); *Acculog, Inc. v. Peterson*, 692 P.2d 728 (Utah 1984).

■ A party is entitled to recover only lost net profits. *Penelko Inc., supra; see also Getschow v. Commonwealth Edison Co.*, 111 Ill.App.3d 522, 67 Ill.Dec. 343, 444 N.E.2d 579 (1982), *aff'd in part, rev. in part on other grounds*, 99 Ill.2d 528, 77 Ill.Dec. 83, 459 N.E.2d 1332 (1984); *Cardinal Consulting Co. v. Circo Resorts, Inc.*, 297 N.W.2d 260 (Minn.1980); *Chung v. Kaonohi Center Co.*, 62 Hawaii 594, 618 P.2d 283 (1980); *City of Palmer v. Anderson*, 603 P.2d 495 (Alaska 1979); and *Sachs v. Precision Products Co.*, 257 Or. 273, 476 P.2d 199 (1970). Net profits are determined by computing the difference between the gross profits and the expenses that would be incurred in acquiring such profits. *Hemken v. First National Bank of Litchfield*, 76 Ill.App.3d 23, 31 Ill.Dec. 666, 394 N.E.2d 868 (1979). Therefore, proof of lost gross profits does not afford courts a proper basis for a damage award, where there is no evidentiary basis on which to calculate net profits with reasonable certainty. *First Security Bank of Utah, N.A. v. J.B.J. Feedyards, Inc.*, 653 P.2d 591 (Utah 1982); *Jenkins v. Morgan*, 123 Utah 480, 260 P.2d 532 (1953). *Cf. Hemken, supra*, where the trial court committed reversible error when it precluded the plaintiff from introducing expenses to prove lost net profit and then denied damages on the ground that the proof of gross profits alone was too speculative to support a lost profits award.

■ Reasonable certainty requires more than a mere estimate of net profits. In addition to proof of gross profits, there must generally be supporting evidence of overhead expenses, or other costs of producing income from which a net figure can be derived. *B & F Inc. v. Intermountain Gas Co.*, 99 Idaho 730, 588 P.2d 458 (1978); *Stensvad v. Miners and Merchants Bank of Roundup*, 196 Mont. 193, 640 P.2d 1303 (1982), *cert. denied*, 459 U.S. 831, 103 S.Ct. 69, 74 L.Ed.2d 69 (1983); *Pearson v. Schmitt*, 259 Or. 439, 487 P.2d 84 (1971). Plaintiff, of course, has the burden to produce a sufficient evidentiary basis to establish the fact of damages and to permit the trier of fact to determine with reasonable certainty the amount of lost net profits. *Acculog, supra; Cook Associates, Inc., supra; Penelko, supra; Winsness v. M.J. Conoco Distributors, Inc.*, 593 P.2d 1303 (Utah 1979).

■ Plaintiffs here presented evidence on gross profit losses only. Their failure to place before the court financial summaries, monthly sales volume breakdowns, costs of sales expenses, or any other overhead expenses from which the trial court could reasonably have calculated plaintiff's lost net profit is fatal to their claim.

In their brief on appeal, plaintiffs finally contend that they testified each trailer cost them $500 to pick up in Pennsylvania and transport to Utah. Plaintiffs misstate the record. No evidence on that point was introduced at trial. It follows that there was nothing before the trial court to establish the amount of plaintiffs' lost net profits. The trial court's findings of fact embody the paucity of the record evidence on damages. Its ruling that plaintiffs' claim was too speculative and that the amount of damages was not determinable was therefore proper.

The judgment is affirmed.