Josephine FROGGE,
dba Jay Jay's Doggie Hotel,
*Appellant,*

*v.*

U S WEST COMMUNICATIONS, INC.,
*Respondent.*

STATE OF OREGON,
*Respondent,*

*v.*

Magar E. MAGAR,
*Appellant.*

(90D-300490; CA A70518)

841 P2d 703

Magar E. Magar, Portland, argued the cause and filed the brief for appellant Frogge; Elliot Holden, Portland, argued the cause for appellant Magar and joined in the brief for appellants.

Mary B. Tomlinson, Portland, argued the cause and filed the brief for respondent U S West Communications, Inc.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent State of Oregon. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Edmonds and De Muniz, Judges.

PER CURIAM

**PER CURIAM**

In this action for breach of contract against defendant utility for failure to provide adequate service required by statute, plaintiff appeals from a judgment for defendant. In a related matter, plaintiff's attorney, Magar, appeals from two judgments against him for contempt of court that imposed fines of $50 and $100, respectively.

On plaintiff's appeal, her brief fails to set out verbatim the relevant, or any, portion of the record relating to her first assignment. We will not consider it. ORAP 5.45(4). What appears to be a second assignment of error is not separately set out, also in violation of ORAP 5.45(4); however, she does set out the relevant portion of the transcript and the court's ruling. In that assignment, plaintiff assigns error to the trial court's denial of her motion to amend her complaint to conform to the evidence by alleging that defendant was grossly negligent. The court ruled that there was no evidence of gross negligence to which the complaint could conform. Therefore, it denied the motion to amend to conform to the proof. The trial court did not err in that ruling.

On Magar's appeal, his brief does not contain copies of the judgments, as required by ORAP 5.50(1), does not set out the applicable standard of review, as required by ORAP 5.45(6), and does not indicate clearly what portion of the record contains the alleged error, as required by ORAP 5.45(3). We decline to consider the claimed errors.

Affirmed on both appeals.