On appellant Frogge's petition for reconsideration filed January 29, reconsideration allowed; opinion (116 Or App 570, 841 P2d 703 (1992)) modified and adhered to as modified June 2, appellant Frogge's petition for reconsideration filed August 11 allowed by opinion November 17, 1993
See 124 Or App 669 (1993)

Josephine FROGGE,
dba Jay Jay's Doggie Hotel,
*Appellant,*

*v.*

U S WEST COMMUNICATIONS, INC.,
*Respondent.*

STATE OF OREGON,
*Respondent,*

*v.*

Magar E. MAGAR,
*Appellant.*

(90D-300490; CA A70518)

853 P2d 1323

Magar E. Magar, Portland, for petition.

Mary Burns Tomlinson, Portland, appeared *contra* for respondent U S West Communications, Inc.

Before De Muniz, Presiding Judge, and Edmonds and Leeson,* Judges.

PER CURIAM

,

---

* Leeson, J., *vice* Buttler, J., retired.

## PER CURIAM

Plaintiff Frogge petitions for reconsideration of our previous opinion. 116 Or App 570, 841 P2d 703 (1992). We allow the petition and modify our opinion.[1]

Plaintiff's breach of contract claim for lost profits was dismissed on defendant's motion for a directed verdict. Plaintiff assigned error to the order granting that motion. We declined to consider the assignment, citing violations of ORAP 5.45(4). On reconsideration, we exercise our discretion to consider the assignment.

■■ To establish damages based on lost profits, a plaintiff must present evidence establishing the lost *net* profits. *Jenks v. Larimer*, 268 Or 37, 41-42, 518 P2d 1301 (1974). The evidence must refer unambiguously to net profits. *Pumpelly v. Reeves*, 273 Or 808, 811-13, 543 P2d 682 (1975). Plaintiff's brief relates testimony that either refers expressly to lost *gross* profits, or is ambiguous. Plaintiff directs us to no evidence, nor have we found any, that establishes her lost net profits. The directed verdict was proper, because plaintiff presented no evidence from which a reasonable trier of fact could find the amount of her damages.

■ We also write to further explain affirmance of the trial court's ruling denying plaintiff's motion to amend her complaint to conform to the evidence, so as to allege a tort under ORS 756.185[2] permitting recovery of treble damages. We have concluded that plaintiff failed to present evidence of the amount of her damages. Consequently, there was no evidence from which to calculate treble damages.

Reconsideration allowed; opinion modified and adhered to as modified.

---

[1] Our previous opinion also resolved an appeal by plaintiff's attorney.

[2] We express no opinion about whether plaintiff could state a claim against defendant under that statute.