Motion of respondent to modify mandate allowed November 10, 1936. Opinion on the merits reported 153 Or. 546.

## COMPTON *v.* HAMMOND LUMBER CO.

(61 P. (2d) 1257)

For former opinion see 153 Or. 546.

*Wood, Matthiessen & Rankin,* of Portland, for appellant.

*William P. Lord,* of Portland, for respondent.

BAILEY, J. The respondent, Ralph Compton, has filed a motion for correction or modification of the mandate in this case by including therein interest at the rate of 6 per cent per annum from December 5, 1934, the date of the judgment in the circuit court, on the sum of $700 awarded on his first cause of action, and on the sum of $45.65 allowed to him as costs in the circuit

court. He also moves that the mandate be further corrected by allowing interest from November 19, 1933, on the $300 allowed by this court on his second cause of action, that being the last date of the period for which he claimed subsistence from the defendant.

This court in its original opinion, rendered March 3, 1936, 153 Or. 546 (55 P. (2d) 21), reversed the judgment of the trial court and remanded the cause for further proceedings, on the ground that a certain instruction affecting only the second cause of action was erroneous. On petition for rehearing this court modified its former opinion (see 58 P. (2d) 257), affirmed the judgment appealed from as far as it affected the first cause of action, reduced the amount allowed by the circuit court on the second cause of action from $500 to $300 and ordered judgment to be entered for the full amount of the first cause of action, together with $300 allowed on the second cause of action, without modifying or changing the amount allowed in the circuit court as costs.

■ The mandate has not yet been sent down to the circuit court, due to the fact that after the modification of the former opinion the appellant applied to the supreme court of the United States for a writ of certiorari, which writ was, on October 12, 1936, denied by that court, since which date the mandate of that court has been received and filed by the clerk of this court.

Section 57-1201, Oregon Code 1930, provides in part as follows:

"The rate of interest in this state shall be six per centum per annum and no more, and shall be payable in the following cases, to wit:

"1. On all moneys after the same becomes due . . .

"2. On judgments and decrees for the payment of money from the date of the entry thereof unless some other date is specified in said judgment or decree."

This court, acting under authority granted to it by article VII, § 3, Constitution of Oregon, was able to "determine what judgment should have been entered in the court below" as to the second cause of action, and it entered judgment accordingly as to that cause of action. The amount which was thereby awarded by this court on the second cause of action was for unliquidated damages and was not determined until the decision of this court was rendered on the petition for rehearing. Therefore, interest on the $300 awarded on the second cause of action should be allowed only from June 2, 1936: *Morris v. Standard Oil Company*, 192 Cal. 343, at 356 (219 P. 998, 30 A. L. R. 1103). Although subdivision 1 of § 57-1201, *supra*, provides that interest shall be payable on all moneys after the same become due, as the respondent contends, that part of the statute does not alter the computation in this instance, for the reason that the amount of the judgment did not become due until this court had determined the same.

■ The verdict of the jury and the judgment of the circuit court each distinctly stated the amount which had been awarded the plaintiff by the jury on each of the separate causes of action, and under subdivision 2 of § 57-1201, *supra,* the plaintiff was entitled to recover interest on the amount of $700 found by the circuit court to be due him on the first cause of action, from the date of the judgment in the trial court, that is, December 5, 1934, which amount was not altered or modified by this court, and interest also on the costs allowed by the circuit court, from the date of the judgment of that court. See, in this connection: 4 C. J. 1181, § 3215; 33 C. J. 247, § 160; *Kneeland v. American Loan and Trust Company*, 138 U. S. 509 (34 L. Ed. 1052, 11 S. Ct. 426); *Rawlings v. Anheuser-Busch Brewing Association*, 69

Neb. 34 (94 N. W. 1001); *McLimans v. City of Lancaster,* 65 Wis. 240 (26 N. W. 566); annotation to *De la Rama v. De la Rama,* 241 U. S. 154 (60 L. Ed. 932, 36 S. Ct. 518), found in Ann. Cas. 1917 C at page 413; *Yarno v. Hedlund Box & Lumber Co.,* 135 Wash. 406 (237 P. 1002).

The motion of the respondent for correction of the mandate is allowed as hereinabove indicated.

CAMPBELL, C. J., and BEAN and RAND, JJ., concur.