Argued April 8, affirmed as modified July 15, motion
allowed December 30, 1971

PEARSON, *Respondent, v.* SCHMITT ET AL,
*Appellants.*

492 P2d 269

Jarvis B. Black, Phillips, Coughlin, Buell, Stoloff
& Black, Portland, for appellants.

Gerald R. Pullen, Portland, for respondent.

608

 

Before McAllister, Presiding Justice, and Denecke, Holman, Tongue, Howell, and Bryson, Justices.

BRYSON, J.

The plaintiff has filed a motion for an order to recall the mandate entered by this court on September 2, 1971. This was an action in tort wherein plaintiff sued to recover personal injuries due to the negligence of the defendants. The jury returned a verdict in favor of plaintiff for the sum of $10,239.50. The verdict form was unsegregated as to general or special damages. However, the complaint alleged lost wages and income in the amount of $4,900. The opinion, *Pearson v. Schmitt,* 259 Or 439, 487 P2d 84 (1971), "affirmed as modified," and reduced judgment in favor of plaintiff in the amount of $4,900, representing lost income.

Plaintiff seeks to have interest on the modified judgment of $5,339.50 from July 9, 1970, the date upon which the judgment was entered in the trial court. Defendants resist this and claim that plaintiff is entitled to interest only from the date this court modified the judgment, July 15, 1971, on the theory that the amount of the judgment was unliquidated up to that date, relying upon *Compton v. Hammond Lbr. Co.,* 154 Or 650, 652, 61 P2d 1257 (1936). This court has jurisdiction to recall its mandates. *Gow v. Multnomah Hotel, Inc.,* 191 Or 45, 66, 228 P2d 791 (1951); *Rodda v. Rodda,* 185 Or 140, 209, 200 P2d 616, 202 P2d 638 (1949).

Under the present Oregon law, as expressed in *Compton v. Hammond Lbr. Co., supra,* interest on a judgment runs only from entry of the modified judg-

ment in the trial court. *Compton* cited and relied upon *Morris v. Standard Oil Co.*, 192 Cal 343, 219 P 998 (1923). In *Morris,* interest was allowed only from entry of the reduced judgment. However, in *Morris* the judgment was reduced at a second trial, not on appeal.

The view as now taken by a majority of the states is that where a money award has been modified on appeal and the only action necessary in the trial court is compliance with the mandate of the appellate court, then the interest on the award, as modified, should run from the date of the original judgment or from the date that judgment should have been entered on a jury verdict in the lower court, as if no appeal had been taken. The only exception to this rule appears to be that if the action of the appellate court in reversing the opinion of the lower court has the effect of wiping out the original judgment, then interest should run only from the time when the amount of the new award is fixed, whether that is done directly by the appellate court or by the trial court's compliance with the appellate court's mandate. 4 ALR3d 1221, 1223. *See also Illinois Central Railroad Company v. Nelson,* 245 Miss 395, 411, 148 So 2d 712 (1963); *Yarno v. Hedlund Box & Lumber Co.,* 135 Wash 406, 237 P 1002 (1925).

Plaintiff, in support of his motion to recall the mandate, relies upon *Gow v. Multnomah Hotel, Inc., supra. Gow* was also an action for damages alleging negligence on the part of defendant. However, the facts present a situation somewhat different than in the case at bar. In *Gow,* the jury returned a verdict in favor of the plaintiff on September 23, 1948, but the defendant filed a motion for a judgment notwithstanding the verdict, which the trial

judge allowed and thereafter entered judgment in favor of the defendant, notwithstanding the verdict of the jury, and the plaintiff appealed. At this stage of the proceeding there was no verdict entered in favor of the plaintiff that could subsequently be modified as in the case at bar. This court, in *Gow v. Multnomah Hotel, Inc., supra* at 65, stated, "* * * [t]he judgment for the defendant is set aside and the cause is remanded with the directions to enter a judgment for the plaintiff upon the verdict." Thereafter, the plaintiff filed a motion for the recall of the mandate and contended that he was entitled to a judgment *nunc pro tunc* as of the date of the return of the jury verdict. The court held, at page 74, "* * * We conclude that in actions of this kind, a nunc pro tunc order should be made only to make the record conform to fact and therefore this device is not available in the pending case." Nevertheless, this court held it was "not powerless to do justice under the circumstances," and decreed that the plaintiff have judgment, together with interest thereon at six per cent from September 23, 1948, the date the jury originally returned the verdict in favor of plaintiff.

There is no sound reason for depriving the party litigant of his interest from the date of the entry of the original judgment on that portion of the money judgment that is not disturbed on appeal. Accordingly, in a tort action such as the present case, we are of the opinion that interest on that part of the judgment that is not disturbed by the appellate court's opinion should run from the date of the original judgment. *Compton* is overruled wherein it conflicts with this opinion. Accordingly, an amended mandate will issue directing the trial court to enter judgment in favor of the plaintiff in the amount of $5,339.50, together with interest at

the legal rate from July 9, 1970, the date on which judgment was entered in the trial court, together with costs and disbursements in the lower court in accordance with the cost bill there filed. Defendant is entitled to costs on this appeal.

The motion of the plaintiff is allowed.