On petitioner's motion for clarification dated August 3,* opinion clarified
October 7, 1999

John LAKIN
and Ann Marie Lakin,
husband and wife,
*Respondents on Review,*

*v.*

SENCO PRODUCTS, INC.,
an Ohio corporation,
*Petitioner on Review,*

*and*

WESTERN SUPPLY CORPORATION,
an Oregon Corporation,
dba Western Tool Supply,
*Defendant.*

(CC 9211-07901; CA A83575; SC S44110)

987 P2d 476

---

* *Lakin v. Senco Products, Inc.*, 329 Or 62, 987 P2d 463 (1999).

M. Elizabeth Duncan, of Greene & Markley, P.C., Portland, submitted the motion for clarification for petitioner on review.

Kathryn H. Clarke, Maureen Leonard, and William A. Gaylord, Portland, submitted the response to the motion for clarification for respondents on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Kulongoski, Justices.**

VAN HOOMISSEN, J.

---

** Leeson, and Riggs, JJ., did not participate in the consideration or decision of this case.

## VAN HOOMISSEN, J.

John Lakin and Ann Marie Lakin (plaintiffs) brought an action at law against defendant Senco Products, Inc. (Senco) seeking economic, noneconomic, and punitive damages for personal injury and loss of consortium arising out of allegations of negligent failure to warn and strict products liability. The jury returned a special verdict finding Senco liable. The jury's award included $2,000,000 in noneconomic damages to John Lakin and $876,000 in noneconomic damages to Ann Marie Lakin.

The trial court applied ORS 18.560(1) to limit the noneconomic damages award to each plaintiff to $500,000 and then reduced that amount by the jury's finding that John Lakin had contributed five percent to his injuries. As a result of the application of the statutory "cap" on noneconomic damages and the five-percent reduction for contributory negligence, plaintiffs each received judgment for $475,000 in noneconomic damages.[1]

In *Lakin v. Senco Products, Inc.*, 329 Or 62, 67, 987 P2d 463 (1999), this court held that ORS 18.560(1), the statutory cap on noneconomic damages, violates Article I, section 17, of the Oregon Constitution. Accordingly, this court reversed the trial court's judgment in part and remanded the case to the trial court for further proceedings. The effect of that remand will be to reinstate the jury's full award of noneconomic damages.

■     The parties seek clarification of the date from which legal interest should accrue on the full amount of noneconomic damages awarded by the jury. For the reasons that follow, we hold that legal interest on the increased award of

---

[1] If the trial court had not applied ORS 18.560(1) to the jury verdict, then John Lakin would have received judgment for $1,900,000 in noneconomic damages, and Ann Marie Lakin would have received judgment for $832,200 in noneconomic damages. The difference between the amount that John Lakin actually received in the judgment and the amount he would have received had ORS 18.560(1) not been applied is $1,425,000. The difference between the amount Ann Marie Lakin actually received in the judgment and the amount that she would have received had ORS 18.560(1) not been applied is $357,200. The total difference resulting from the application of the statutory "cap" on noneconomic damages is $1,782,200. Legal interest on that amount alone since entry of the original judgment exceeds $868,000.

noneconomic damages begins to accrue from the date when the trial court entered judgment.

■ Senco argues that, where a judgment is increased on appeal, interest on the amount set out in the trial court's judgment begins to accrue on the date of that judgment, but that interest on the additional amount resulting from the appellate court's decision begins to accrue only on the date of entry of the modified or supplemental judgment. Senco further argues that its proposed rule is consistent with the plain wording of Oregon's interest statute, ORS 82.010(2)(a), which provides: "Interest on a judgment under this subsection accrues from the date of the entry of the judgment unless the judgment specifies another date." Senco asserts that interest on the increased award in noneconomic damages of $1,782,200 in this case has yet to be entered in a judgment and, therefore, interest on that increase should not begin to accrue until the modified judgment is entered by the circuit court. Plaintiffs argue that interest should begin to accrue on the additional amount as of the date when the trial court entered judgment on the verdict. We agree with plaintiffs.

In *Compton v. Hammond Lumber Co.*, 153 Or 546, 55 P2d 21, 58 P2d 546 (1936), the trial court entered judgment for the plaintiff on his claims of negligence and maintenance. This court reduced the maintenance judgment on the ground that a certain instruction affecting only the maintenance claim was erroneous and directed the trial court to enter judgment for the reduced amount. *Id.* at 564. On the plaintiff's motion for correction or modification of the mandate which followed, this court held that only the claim that was not modified accrued interest from the date of the trial court's judgment. The modification of the judgment required that interest on the maintenance claim would not begin to accrue until this court determined the proper amount on the judgment. This court said: "[T]he amount of the judgment did not become due until this court had determined the same." *Compton v. Hammond Lumber Co.*, 154 Or 650, 652, 61 P2d 1257 (1936). Thus, under *Compton*, a modification of the maintenance judgment postponed the accrual of interest on that claim until a final decision on appeal.

In *Pearson v. Schmitt*, 260 Or 607, 610, 492 P2d 269 (1971), however, this court overruled *Compton*. In *Pearson*, the plaintiff sued to recover for personal injuries due to the defendant's negligence. The jury returned a verdict for the plaintiff for $10,239.50. On appeal, the plaintiff's recovery was reduced by $4,900. *Pearson v. Schmitt*, 259 Or 439, 487 P2d 84 (1971). In its decision on plaintiff's motion to recall the mandate, this court acknowledged the rule set out in *Compton* that interest on a judgment runs only from entry of the modified judgment in the trial court. 260 Or at 608-09. The court then described and adopted the contrary rule, explaining:

> "The view as now taken by a majority of the states is that where a money award has been modified on appeal and the only action necessary in the trial court is compliance with the mandate of the appellate court, then the interest on the award, as modified, should run from the date of the original judgment or from the date that judgment should have been entered on a jury verdict in the lower court, as if no appeal had been taken. The only exception to this rule appears to be that if the action of the appellate court in reversing the opinion of the lower court has the effect of wiping out the original judgment, then interest should run only from the time when the amount of the new award is fixed, whether that is done directly by the appellate court or by the trial court's compliance with the appellate court's mandate."

*Id.* at 609.

The rule as articulated in *Pearson* has been applied in cases in which a judgment for a party was modified on appeal to reduce or to increase a judgment. For example, in *Sause Bros. Ocean Tow. v. Gunderson*, 265 Or 568, 510 P2d 541 (1973), the trial court entered a judgment for the plaintiff after making a deduction that this court later concluded was improper. This court directed that the judgment be increased and, citing *Pearson*, that interest on the modified amount should accrue from the date of the trial court's judgment. 265 Or at 584-85. We conclude that *Pearson* directs that interest on the uncapped award should accrue from the date when the trial court entered judgment.

Opinion clarified; legal interest on the jury's full award of noneconomic damages accrues from the date when the trial court entered judgment.