**Mouria PHILLIPS, Personal Representative of the Estate of Richard Dunn, and Jessica Matheny, Personal Representative of the Estate of Robin Dunn, Plaintiffs,**

v.

**MONDAY & ASSOCIATES, INC., an Arkansas Corporation, and Clifton Dale Fields, Defendants.**

No. CIV.00–78–ST.

United States District Court,
D. Oregon.

March 8, 2001.

Samuel I. Hochberg, Portland, OR, for plaintiffs.

OPINION AND ORDER

STEWART, United States Magistrate Judge.

### INTRODUCTION

This action involves the wrongful death claims of Richard Dunn and his wife, Robin Dunn, arising from a motor vehicle accident on June 9, 1997. At the time of the accident, the Dunns were traveling by motorcycle westbound on Interstate 84 in eastern Oregon. Richard Dunn was operating the motorcycle and Robin Dunn was

the passenger. Plaintiffs allege that a semi-trailer truck operated by defendant Clifton Dale Fields (and owned by defendant Monday & Associates, Inc.), also traveling westbound on Interstate 84, negligently turned into the Dunns' path of travel, colliding with the Dunns and resulting in their deaths.

Plaintiffs are the personal representatives of the estates of the Dunns. Plaintiffs and the Dunns are and were residents of Idaho. Fields is a resident of Oklahoma. Monday and Associates, Inc. is an Arkansas corporation with its principal offices in Arkansas. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, this court has diversity jurisdiction pursuant to 28 USC § 1332.[1] All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c). Defendants filed their original Answer on or about August 1, 2000, raising the affirmative defenses of (1) comparative negligence and (2) statute of limitations. Defendants subsequently filed an Amended Answer on or about August 9, 2000, adding a third affirmative defense of a statutory cap on noneconomic damages under ORS 18.560. Defendants have now filed a Motion for Leave to File Second Amended Answer (docket #10), seeking to add an affirmative defense of contributory fault and two paragraphs asserting that the negligence of each decedent must be decided in order to determine the several liability, if any, of the other decedent.

For the reasons that follow, the motion is granted as to the amendment concerning determining several liability and denied as futile as to the amendment concerning the affirmative defense of contributory fault.

## LEGAL STANDARD

Amendment of the complaint is governed by FRCP 15(a) which provides, in part, as follows:

> [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Whether to grant or deny a motion to amend pleadings is a matter of the court's discretion. *Sweaney v. Ada County, Id.,* 119 F.3d 1385, 1392 (9th Cir.1997). Leave should not be granted where it "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989), citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

## DISCUSSION

Defendants' proposed Second Amended Answer raises the following new matters not raised in either of their prior answers:

1. The Dunns' negligence is a complete bar to any recovery (contributory negligence) (Proposed Second Amended Answer, ¶ 6);

2. As to Robin Dunn's claim, the negligence of Richard Dunn must be determined before the several liability of defendants and Richard Dunn can be determined (Proposed Second Amended Answer, ¶ 7); and

3. As to Richard Dunn's claim, the negligence of Robin Dunn must be determined before the several liability of defendants and Robin Dunn can be determined (Proposed Second Amended Answer, ¶ 8).

---

**1.** Residence is not equivalent to citizenship. However, nobody has raised this issue and this court will therefore assume that plaintiffs and the Dunns are and were citizens of Idaho, and that Fields is a citizen of Oklahoma.

## I. *Affirmative Defense of Contributory Fault*

Plaintiffs contend that defendants' motion should be denied on the grounds of undue delay, bad faith, dilatory motive, prejudice, and previous amendments. After thoroughly reviewing the parties' submissions and arguments, this court is not persuaded that the motion should be denied on any of these grounds. Instead, this court finds that the proposed amendment to add the affirmative defense of contributory fault is futile, and that proposed amendment is therefore denied solely on that basis.

■ An amendment is "futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988). Plaintiffs argue that defendants' proposed affirmative defense of contributory fault is futile in light of Oregon's 1971 adoption of comparative negligence. Defendants assert that their motion to amend to allege the affirmative defense of contributory negligence is based upon a reasonable extension of the legal reasoning and analysis put forth in *Lakin v. Senco Products, Inc.*, 329 Or. 62, 987 P.2d 463, *clarified on other grounds*, 329 Or. 369, 987 P.2d 476 (1999).

Prior to 1971, Oregon recognized a common law contributory negligence defense. If a plaintiff's own negligence was a contributing proximate cause of damages, regardless of the degree or percentage of fault, plaintiff's negligence barred any recovery. *Maser v. Klein*, 224 Or. 300, 304, 356 P.2d 151 (1960), *overruled in part on other grounds, Godell v. Johnson*, 244 Or. 587, 418 P.2d 505 (1966) ("Contributory negligence ... is any negligence alleged against the plaintiff which contributes as a proximate cause of the accident.... If it contributes in any degree as the proximate cause of the accident and injuries, that is sufficient to bar recovery on the part of the plaintiff").

However, in 1971, the Oregon legislature adopted comparative negligence to mitigate the harshness of the "all or nothing" common law rule. The current version of the comparative negligence statute, ORS 18.470, bars a plaintiff's recovery only if the plaintiff's negligence exceeds the combined fault of all of the defendants:

> Contributory negligence shall not bar recovery in an action by any person * * * if the fault attributable to the claimant was not greater than the combined fault of all [parties against whom recovery is sought], but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the claimant. This section is not intended to create or abolish any defense.

ORS 18.470(1).

Under the comparative negligence statutes, the trier of fact determines the parties' relative negligence and determines the plaintiff's damages. If the plaintiff's fault (as determined by the jury) does not exceed 50%, recovery is not barred and the court reduces the jury's determination of the plaintiff's damages by the plaintiff's percentage of fault.

■ Defendants contend that under the recent Oregon Supreme Court decision of *Lakin*, the prior common law rule of contributory negligence may be a viable defense under Oregon law. *Lakin* involved a products liability claim by an injured worker against a nail gun manufacturer. The plaintiff claimed that he used a defective nail gun which "double-fired" causing his injuries. The jury awarded substantial damages to the plaintiff, including noneconomic damages of $2 million. The trial court reduced the noneconomic damages to $500,000 pursuant to the statutory cap of ORS 18.560.

The Oregon Supreme Court held that the statutory cap violates the plaintiff's right to have a jury determine his noneconomic damages under Article I, Section 17, of the Oregon Constitution. It rejected defendant's argument that the cap is applied after the jury performed its fact finding function, i.e., determining noneconomic damages, and, therefore, does not violate Oregon's Constitution, explaining:

> In summary, Article I, section 17, guarantees a jury trial in civil actions for which the common law provided a jury trial when the Oregon Constitution was adopted in 1857 and in cases of like nature.... In any such case, the trial of all issues of fact must be by jury. The determination of damages in a personal injury case is a question of fact.... The damages available in a personal injury action include compensation for noneconomic damages resulting from the injury.... The legislature may not interfere with the full effect of a jury's assessment of noneconomic damages, at least as to civil cases in which the right to jury trial was customary in 1857, or in cases of like nature.... It follows then, that ORS 18.560(1) violates Article I, section 17.

*Lakin*, 329 Or. at 82, 987 P.2d 463 (citations omitted).

Further, the Oregon Supreme Court stated that: "We agree with the plaintiffs that these common law actions carry with them fundamental rights to a jury determination of the right to receive and the amount of damages." *Id* at 77, 987 P.2d 463.

Just as the statutory cap on noneconomic damages violates the constitutional right of trial by jury, defendants argue that the statutory framework of comparative fault also violates the constitutional right of trial by jury. According to defendants, the adoption of comparative negligence in 1971 displaced the common law theory of contributory fault and fundamentally altered how and when a plaintiff, based upon the jury's determination of a plaintiff's fault, received an award.

The holding in *Lakin* does not support defendants' argument. Application of the comparative negligence statutes does not diminish nor disregard the role or findings of the trier of fact. The jury still determines each party's percentage of fault and the plaintiff's damages. Instead of interfering with the jury's assessment of fault or damages, the comparative negligence statutes merely change the percentage of fault necessary to bar a plaintiff's recovery. Unlike the statutory cap on noneconomic damages at issue in *Lakin*, Oregon's comparative negligence statutes do not disregard the jury's findings. The court accepts the jury's findings as to the parties' relative fault and as to the amount of plaintiff's damages, and then applies a mathematical formula to decrease the plaintiff's recovery. True, if plaintiff's negligence is less than 50%, plaintiff obtains an award in his favor (comparative fault), as opposed to barring any award (contributory fault). However, if jury seeks to bar plaintiff from obtaining any award, it may do so by assessing him with more than 50% negligence.

Defendant's interpretation of *Lakin* would, in effect, freeze the state of Oregon law to 1857 when Oregon adopted its Constitution. Applying this reasoning, *Lakin* operates to repeal the myriad statutes and amendments enacted after 1857 which might affect any party's rights in any manner in a civil case, if that right or remedy didn't exist in 1857. The Oregon Court of Appeals briefly addressed this issue in dicta in *Tenold v. Weyerhaeuser Co.*, 127 Or.App. 511, 526, 873 P.2d 413, 422 (1994), *review dismissed,* 321 Or. 561, 901 P.2d 859 (1995), a prior case holding that the statutory cap on noneconomic damages vi-

olates Article VII (amended), section 3 of the Oregon Constitution:

Weyerhaeuser also contends that, if the statute compels a reexamination of a fact found by the jury, courts are similarly barred from applying the statutes that govern contributory negligence, ORS 18.470, and contribution, ORS 18.455. Those statutes are not analogous because, under them, the court gives effect to the jury's findings on damages. Under ORS 18.470, the court carries out the jury's findings on the amount of the plaintiff's damages and the plaintiff's proportionate fault.

Although *Tenold* is based on Article VII (amended), section 3, rather than Article I, section 17, of the Oregon Constitution, it noted that the amendment in 1910 to Article VII, section 3, "repeats the substance of Article I, section 17, but also creates a limitation on the authority of an Oregon court to reexamine a jury's determination of any fact." *Id* 127 Or.App. at 522, 873 P.2d at 419. Moreover, the issue is the same under either section, namely the ability of courts to interfere with a jury's factual determination.

This court recognizes that at least one local Multnomah County Circuit Court Judge, applied *Lakin* to another Oregon statute. In *Douglas Fellows, et al., v. Wendy Coomes, et al.,* Multnomah County Circuit Court, Case No. 9909–09387, Judge Henry Kantor ruled that ORS 30.265(1) (governmental immunity) combined with and ORS 30.270 (limitation of liability) violate an injured person's constitutional right to a jury trial against government employees under *Lakin*. However, that opinion contains no analysis and does not address the comparative negligence statutes at issue here.

For these reasons, this court finds that defendants' proposed amendment to add contributory fault raises a futile defense rather than a reasonable issue of law.

Therefore, the proposed amendment is denied.

## II. *Determining Fault of Each Decedent for Several Liability Issues*

Defendants also seek to amend their answer to include two paragraphs asserting that the negligence of each decedent must be decided in order to determine the several liability, if any, of the other decedent. Other than noting that this amendment is not a defense, and is best addressed at trial, plaintiffs do not object to these proposed amendments. The amendments are well-taken and are allowed.

### *ORDER*

For the reasons stated above, defendants' Motion for Leave to File a Second Amended Answer (docket #10) is GRANTED as to the defenses regarding the fault of the operator of the motorcycle for several liability issues and DENIED AS FUTILE as to the affirmative defense of contributory fault.