On appellant's petition for reconsideration filed April 23, and respondent's response to appellant's petition for reconsideration filed April 30, reconsideration allowed; former disposition withdrawn; supplemental judgment on remand modified to award wife additional $143,668.13; interest to accrue on that amount from August 3, 2007, at the statutory rate; attorney fee judgments vacated and remanded for reconsideration; otherwise affirmed June 16, petition for review denied September 17, 2010 (349 Or 56)

In the Matter of the Marriage of

John Michael PROCTOR,
*Petitioner-Respondent,*

*and*

Joyce Ann Smith PROCTOR,
nka Joyce A. Smith,
*Respondent-Appellant.*

Lane County Circuit Court
150223725; A136448

234 P3d 133

Mark Johnson Roberts for petition.

Robin J. Wright and Gevurtz, Menashe, Larson & Howe, P.C., for response.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

■　　Wife seeks reconsideration of our decision in *Proctor and Proctor*, 234 Or App 722, 229 P3d 639 (2010) (*Proctor III*). She contends that we erred in construing or applying the law pertaining to an award of prejudgment interest on the supplemental judgment under review. ORAP 6.25(1)(e). Wife also asks that we modify our opinion to explicitly state a time from which any interest is owed on the increase in the equalizing judgment ordered in the case. We allow reconsideration and address only wife's second contention.

The parties have been arguing for many years about the proper division of assets accumulated during their marriage. The dissolution trial occurred in 2003. Wife appealed the resulting judgment, which we reversed and remanded. *Proctor and Proctor*, 203 Or App 499, 125 P3d 801 (*Proctor I*), *modified on recons*, 204 Or App 250, 129 P3d 186 (*Proctor II*), *rev den*, 340 Or 672 (2006). On remand, the court entered a supplemental judgment that increased the amount of property awarded to wife and included an equalizing judgment in her favor. Wife appealed again, asserting that the property division was less favorable to her than the law required. In *Proctor III*, we agreed with wife and ordered an increase in the amount of the equalizing judgment awarded to her. *Proctor III*, 234 Or App at 739.

Specifically, in *Proctor III*, we divided the martial assets more favorably to wife than ordered in the trial court's supplemental judgment. We divided two marital assets—the Super Cub airplane proceeds and the Rivershore Drive residential property—equally, concluding that the presumption of equal contribution had not been rebutted for either asset. ORS 107.105(1)(f). The new allocation to wife of one-half of the airplane's value and the reconfigured allocation of wife's interest in the residential property resulted in a modification of the supplemental judgment under review to award wife an additional $143,668.13. Our ultimate decision was as follows: "Supplemental judgment on remand modified to award wife additional $143,688.13; attorney fee judgments vacated and remanded for reconsideration; otherwise affirmed." Wife now

asks that we "make clear [our] intent with respect to the effective date of the $143,668.13 award."[1]

■        There are three possible effective dates—the entry date of the original judgment (Nov 10, 2003), the entry date of the supplemental judgment (Aug 3, 2007), or the issue date of our decision in *Proctor III* modifying the property division made in the supplemental judgment (Apr 14, 2010). There is no consistent rule concerning the effective date of a modification to a property division made on appeal. In *Hall and Hall*, 159 Or App 196, 977 P2d 387 (1999), we increased an equalizing judgment in a property division case by $152,132.55, for a total equalizing judgment to wife in the amount of $336,005.50 and modified the judgment "to award wife an equalizing judgment in the amount of $336,005.50, with interest thereon at the statutory rate from the date of the original judgment payable in three equal annual installments beginning with the entry of the amended judgment and payable annually thereafter." *Id.* at 205-06. On the other hand, the modification of a property division and increase in the equalizing judgment awarded to the husband in *Kunze and Kunze*, 337 Or 122, 92 P3d 100 (2004), accrued interest "from the date of this decision." *Id.* at 149. The effective date of a change to an equalizing judgment depends on the equities of the particular case.[2]

The equities in this case suggest that interest on the $143,668.13 modification accrues from the date that the supplemental judgment was entered—that is, the effective date of the earlier modifications to the original judgment. Further, the trial court refused to allow prejudgment interest on the modification reflected in the supplemental judgment in *Proctor III*, 234 Or App at 738-39. Thus, our decision here is consistent with our decision in *Proctor III* that the modification

---

[1] The increase in wife's share of the marital assets ordered in the first appeal and reflected in the supplemental judgment accrued and continues to accrue interest from the date of the supplemental judgment; the issue is when interest begins to accumulate with respect to the additional award required by the second round of appeals.

[2] A different question is presented when the amount of child or spousal support is modified on appeal, and the issue is when that modification takes effect. *See, e.g., Harrington and Harrington*, 59 Or App 131, 132, 650 P2d 186 (1982) ("Where, as here, we modify spousal support without specifying an effective date other than the date of the trial court decree, the modification is effective as of that date.").

reflected in the supplemental judgment was not effective as of the date of the original judgment and would not accrue interest from then.

At the same time, we note that the values used in *Proctor III* to arrive at the additional $143,668.13 equalizing judgment were based on a 2003 trial record. That record may understate the contemporary value of the residential property being divided, suggesting that a division of the assets as valued in 2003 may be presently inequitable to wife. We recognized in *Proctor III* that "[i]t is speculative whether any delay in transferring assets or part of their past value advantaged husband or wife." 234 Or App at 739. Nonetheless, in the circumstances of this case, it is a more just and proper property division to make that division effective closer to the time used to value the divided properties.

Accordingly, the disposition in *Proctor III* is withdrawn and a new disposition is substituted to read and provide as follows:

> "Supplemental judgment on remand modified to award wife additional $143,668.13; interest will accrue on that amount from August 3, 2007, at the statutory rate; attorney fee judgments vacated and remanded for reconsideration; otherwise affirmed."

Reconsideration allowed; former disposition withdrawn; supplemental judgment on remand modified to award wife additional $143,668.13; interest to accrue on that amount from August 3, 2007, at the statutory rate; attorney fee judgments vacated and remanded for reconsideration; otherwise affirmed.