Argued and submitted September 24, 2019, reversed and remanded
September 9, 2021

In the Matter of the Marriage of

Cynthia R. SKINNER,
nka Cynthia R. Davenport,
*Petitioner-Respondent,*
*and*

Andrew J. SKINNER,
*Respondent-Appellant.*

Linn County Circuit Court
13DR02511; A167584

498 P3d 311

In this domestic relations case, husband appeals from a corrected general judgment of dissolution of marriage that increased wife's spousal maintenance support on remand from an earlier appeal. Husband contends that the trial court erred in ordering him to pay prejudgment interest on the new spousal support award from the date of the original dissolution judgment in 2014 instead of the date of the "corrected judgment" in 2018. *Held*: After examining ORS 82.010(2), the Court of Appeals concluded that the trial court erred in determining that prejudgment interest accrues at all on the amended spousal support award and therefore it was not necessary to decide whether the trial court erred in determining the effective date of the prejudgment interest.

Reversed and remanded.

Thomas McHill, Judge.

Daniel S. Margolin argued the cause and filed the briefs for appellant.

Andrew W. Newsom argued the cause and filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and Powers, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

In this domestic relations case, husband appeals from a corrected general judgment of dissolution of marriage that increased wife's spousal maintenance support on remand from *Skinner and Skinner*, 285 Or App 788, 398 P3d 419 (2017) (*Skinner I*). On appeal, husband's challenge is narrow. He does not challenge the amount of the award; rather, husband contends that the trial court erred in ordering him to pay prejudgment interest on the new spousal support award from the date of the original dissolution judgment in 2014 instead of the date of the "corrected judgment" in 2018. For the reasons explained below, we reverse and remand.

We review a trial court's award of prejudgment interest for errors of law. *JH Kelly, LLC v. Quality Plus Services, Inc.*, 305 Or App 565, 588, 472 P3d 280 (2020).

The facts pertaining to the parties' financial situation at the time of the dissolution are set forth in *Skinner I*. 285 Or App at 790-91. For purposes of this appeal, it is sufficient to recount that the parties divorced in 2014, and that the dissolution judgment included, among other provisions, an award of transitional spousal support to wife in the amount of $750 per month for 60 months and indefinite maintenance support in the amount of $500 per month to begin on the first day of the month following the termination of the transitional support. Wife appealed from that dissolution judgment, challenging the court's award of spousal maintenance support.[1] As to that assignment of error, wife made two arguments: (1) that the awarded support was too low and fell outside of a "just and equitable choice of legally correct alternatives," and (2) that the awarded support should have commenced upon entry of the judgment of dissolution, rather than five years later. *Id.* at 792. We agreed with both of wife's arguments and reversed and remanded the award of spousal maintenance support. *Id.* at 796.

On remand, the parties presented differing arguments regarding how much the trial court should award

_____

[1] Wife also challenged the trial court's child support determination, which is not at issue in this appeal.

in maintenance support. After a hearing, the court agreed with wife's position and issued a letter opinion increasing wife's maintenance award:

> "In viewing the issues discussed by the remand, particularly the 'just and equitable' factor, the appropriate consideration of Wife's actual income and this Court's findings as to Husband's income, which the Court found to be widely disparate from Wife's, I am of the opinion that Wife's arguments made in the case appropriately address the shortcomings in the original judgment. In other words, considering the factors identified by the Court of Appeals, a just and equitable award of spousal support should be $1,000 per month as maintenance spousal support, to begin as of the date of the General Judgment. The $750 per month transitional support was affirmed by the Court of Appeals, which began with the entry of the judgment for five years. Thereafter, reflecting Wife's improved employability after her education, at least as determined as of the time of the dissolution, and to continue to preserve some proportionality in their incomes with respect to the style of living they enjoyed during the marriage, the spousal maintenance support shall be reduced to $750 per month for an indefinite period of time. (ORS 107.105(1)(d)(C)(iv), (v) and (xi), with consideration of the factual findings made by this Court at trial.)"

After the court increased wife's maintenance support to $1,000 per month for five years, wife submitted a proposed Corrected General Judgment of Dissolution of Marriage reflecting the new ruling. The proposed judgment also required husband to pay prejudgment interest on the "support arrearages from the date the arrearage accrues, until paid."[2] Husband filed objections to the proposed corrected judgment, including challenging the prejudgment interest award:

> "Petitioner has included 'prejudgment interest' on the $1,000 per month spousal maintenance award. The prejudgment interest goes back to May of 2014. This creates an inordinate hardship [for] Respondent. He will immediately owe thousands of additional dollars on the award. For example, he would owe [petitioner] $337.50 on the monthly

---

[2] The proposed judgment also imposed postjudgment interest on support arrearages in the amended maintenance support award. Husband does not challenge that portion of the amended judgment on appeal.

award from May of 2014, $330 on the monthly award from June of 2014, etc. *** He should not have to pay interest on arrears that do not exist and that he could not have been aware of.

"Prejudgment interest is the exception (see ORS 82.010(2)(a)). Prejudgment interest is not awardable at law until the date that the exact sum owed is determined. The sum owed was not determined until Your Honor made your ruling on remand."

(Ellipsis in original.) The trial court rejected husband's objections to the proposed corrected judgment. Relying on *Lakin v. Senco Products, Inc.*, 329 Or 369, 987 P2d 476 (1999), *overruled on other grounds by Horton v. OHSU*, 359 Or 168, 376 P3d 998 (2016), the court ordered husband to pay prejudgment interest, from the date of the original dissolution judgment. Husband subsequently filed this timely appeal.

On appeal, husband focuses his arguments on the award of prejudgment interest, which raises the issue of the correct interpretation and application of ORS 82.010; he does not dispute the amount of the trial court's amended maintenance support award. In so arguing, husband asserts that the trial court erred in determining the date the prejudgment interest begins to accrue, which he asserts is "extraordinarily burdensome." Husband first argues that the trial court's reliance on *Lakin* is misplaced, because the money award judgment in *Lakin* resulted in a final judgment requiring a single payment to each plaintiff, rather than creating "40 new and independent judgments," like in the case of a spousal support award judgment. Second, husband argues that the "overriding concern of the trial court in deciding financial issues in a divorce is what is just and equitable under the totality of the circumstances," and that the trial court's decision to relate the prejudgment interest back to the original judgment of dissolution failed to take into account equitable considerations. In support of that argument, husband points to our decision in *Proctor and Proctor*, 235 Or App 641, 234 P3d 133, *rev den*, 349 Or 56 (2010), where we used equitable considerations to apply interest on a marital property division from the date of the supplemental judgment, rather than the date of the original judgment.

In response, wife argues that two cases govern the timing of prejudgment interest: *Lakin* and *Young v. State of Oregon*, 346 Or 507, 212 P3d 1258 (2009). In *Young*, the plaintiffs sought postjudgment interest on supplemental judgments that had been entered by the trial court on remand from the Supreme Court. 346 Or at 510. Citing ORS 82.010, among other case law, the court first determined whether the state should be absolved from any obligation to pay interest. *Id*. at 512-15. After determining that the state was not immune from having to pay postjudgment interest, the court held that the postjudgment interest accrued from the date of the original judgment. *Id*. at 519. Wife asserts that, read together, *Lakin* and *Young* dictate that the prejudgment interest should run from the date of the original dissolution judgment.[3]

Thus, as framed by the parties' arguments, the issue on appeal implicates the correct interpretation and application of ORS 82.010, which governs the rate of interest on judgments. As so framed, we conclude that the trial court erred in awarding wife prejudgment interest on her maintenance support award, but for a different reason than the one articulated by husband on appeal. *See Strasser v. State of Oregon*, 368 Or 238, 260, 489 P3d 1025 (2021) (explaining that "we have an independent duty to correctly interpret any statute that comes before us, regardless of the arguments and interpretations offered by the parties"); *see also Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997) ("In construing a statute, this court is responsible for identifying the correct interpretation, whether or not asserted by the parties."). Accordingly, we need not decide whether the trial court erred in determining the effective date of the prejudgment interest award because, as explained below, the trial court erred in concluding that prejudgment interest accrues at all on the amended spousal support award.

The present dispute is largely controlled by *Chase and Chase*, 354 Or 776, 323 P3d 266 (2014), and, although not discussed by the parties, we are nevertheless bound to follow it. In *Chase*, the Supreme Court addressed whether the trial

---

[3] Wife also briefly asserts that the trial court awarded retroactive postjudgment interest not prejudgment interest. Wife, however, does not make any meaningful arguments to support that distinction; therefore, we do not address it.

court could impose postjudgment interest on a judgment for unpaid past child support. Although the case dealt primarily with postjudgment interest and arose in the context of a child support judgment, the case provides guidance on the treatment of prejudgment interest in child support award—and by extension, spousal support award—judgments.

To determine whether the trial court was authorized to impose interest on a judgment for unpaid child support, the court first examined ORS 82.010, which governs the rate of interest for civil judgments. ORS 82.010 provides, in part:

"(2)   Except as provided in this subsection, the rate of interest on judgments for the payment of money is nine percent per annum. The following apply as described:

"(a)   Interest on a judgment under this subsection accrues from the date of the entry of the judgment unless the judgment specifies another date.

"(b)   Interest on a judgment under this subsection is simple interest, unless otherwise provided by contract.

"(c)   Interest accruing from the date of the entry of a judgment shall also accrue on interest that accrued before the date of entry of a judgment.

"(d)   Interest under this subsection shall also accrue on attorney fees and costs entered as part of the judgment. * * *"

After analyzing the statutory history and the case law underlying the evolution of the statute, the court explained that "paragraph (2)(b) applies (in the absence of a different contractual arrangement) to all judgments"; however, paragraph (2)(c)—which refers to prejudgment interest—applies only to "some judgments." *Chase*, 354 Or at 782.

The distinction between postjudgment interest and prejudgment interest is significant. As the court explained:

"Prejudgment interest is awarded, in the case of injury to, or the loss or destruction of property, on the theory that it is necessary to give full compensation for the loss sustained. Post-judgment interest, on the other hand, is awarded on a different theory, that is, as a penalty for delayed payment on the judgment."

*Id.* at 783 (quoting *Highway Comm. v. DeLong Corp.*, 275 Or 351, 358, 551 P2d 102 (1976)). Therefore, "prejudgment interest to which ORS 82.010(2)(c) applies must have been imposed to make a judgment creditor whole for losses suffered before a judgment is entered." *Chase*, 354 Or at 788. In that regard, given the nature and purpose of a child support judgment, the court determined that, "after an initial judgment is entered requiring payment of child support in future recurring installments, interest on unpaid installments is postjudgment, not prejudgment interest, and is governed by paragraph (2)(b), not paragraph (2)(c), of ORS 82.010." *Id.* The court reasoned, "[b]ecause child support installments are judgment obligations, they accrue postjudgment interest under ORS 82.010(2)(b) as a statutory penalty for the obligor's failure to pay a judgment when due; such interest is not imposed to compensate the obligee for a prejudgment loss." *Id.* That analysis applies equally to spousal support judgments.

A spousal support award, like a child support award, results in a judgment for each installment as it accrues. *See id.* at 784 (observing same for child support award). Thus, "where due and unpaid, each support installment represents a judgment obligation and accrues postjudgment interest." *Id.* at 785. Because the modified spousal support judgment does not accrue prejudgment interest, we reject the parties' reliance on *Lakin*, *Young*, and *Proctor*.[4] Accordingly, we conclude that the trial court erred in imposing prejudgment interest on wife's amended maintenance support award.

Reversed and remanded.

---

[4] *Proctor* involved the division of marital property and whether any interest was owed on the modified equalizing judgment. 235 Or App at 643. We note that there is a distinction between an equalizing judgment and a spousal support judgment, but do not address the issue further because there was no modification to the equalizing judgment in this case.