Argued and submitted September 22; decision of Court of Appeals reversed; judgment of circuit court affirmed in part and reversed in part, and case remanded to circuit court for further proceedings December 15, 2022

In the Matter of the Marriage of

Cynthia R. SKINNER,
nka Cynthia R. Davenport,
*Petitioner on Review,*
*and*

Andrew J. SKINNER,
*Respondent on Review.*

(CC 13DR02511) (CA A167584) (SC S068972)

522 P3d 528

On remand following an appeal, the trial court issued a modified judgment that increased wife's spousal support award, retroactively applying the increased amount to past installment dates established by the original judgment. The trial court imposed interest on that increased amount and husband objected to the accrual of that interest from the date of the original judgment rather than from the date of the modified judgment. The Court of Appeals reversed, holding that the trial court could not impose prejudgment interest on a spousal support installment award. *Held*: (1) Wife is entitled to post-judgment interest on the increased spousal support award; and (2) that interest accrues from the date of the original judgment.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.

En Banc

On review from the Court of Appeals.*

Andrew W. Newsom, Holtey Law LLC, Portland, argued the cause and filed the briefs for petitioner on review.

Daniel S. Margolin, Margolin Family Law, Portland, argued the cause and filed the brief for respondent on review.

NELSON, J.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.

_____

* Appeal from Linn County Circuit Court, Thomas A. McHill, Judge. 314 Or App 394, 498 P3d 311 (2021).

**NELSON, J.**

This case arises from the dissolution of a marriage. At issue is whether interest accrues on spousal support payments that are increased retroactively following an appeal. In this case, the trial court increased wife's spousal support award on remand from the Court of Appeals in *Skinner and Skinner*, 285 Or App 788, 398 P3d 419 (2017) (*Skinner I*), added the additional amounts retroactively to past installment dates, and ordered husband to pay interest on those amounts. Husband appealed and the Court of Appeals reversed, holding that the award of interest was improper. *Skinner and Skinner*, 314 Or App 394, 498 P3d 311 (2021) (*Skinner II*).

We allowed review and now conclude that wife is entitled to statutory interest at nine percent per annum on the additional amount that the trial court added to the monthly support award in the original judgment, calculated from the dates that those payments would have been due. Accordingly, we reverse the decision of the Court of Appeals, affirm in part and reverse in part the decision of the circuit court, and remand this case to the circuit court for further proceedings.

## I.  FACTS AND PROCEDURAL HISTORY

We draw the following facts from the record. In 2014, wife filed for dissolution of her marriage to husband. At the trial to divide the parties' assets and establish support awards for both wife and a child, wife requested, in relevant part, $750 per month in transitional spousal support for 60 months and $750 per month in maintenance spousal support for an indeterminate period. The trial court entered a general judgment (the "original 2014 judgment") awarding wife, in relevant part, $750 per month in transitional spousal support for 60 months, to begin on the date of the 2014 judgment (May 1, 2014), and $500 per month in maintenance spousal support for an indefinite period to begin immediately after the transitional support ended (June 1, 2019). Wife appealed, challenging both the monthly amount and the delayed commencement of the maintenance support

award.[1] The Court of Appeals reversed and remanded, holding that the trial court had misapplied the factors in ORS 107.105(1)(d)(C), and thus erroneously calculated wife's maintenance support amount and postponed the maintenance support payments until after the transition support ended. *Skinner I*, 285 Or App at 797-98.

On remand in 2018, the trial court increased wife's maintenance support to $1,000 per month for 60 months, with the first payment due on May 1, 2014, the same date that the transitional support award became effective under the original 2014 judgment. After 60 months, the maintenance support would decrease to $750 per month indefinitely. The $750 per month transitional support award was unchanged—$750 per month for 60 months, also effective on May 1, 2014. Wife provided a proposed corrected general judgment that included the following details:

"6.  Judgment Amount: Spousal Support Judgment: $750 transitional support and $1,000 maintenance support beginning May 1, 2014[,] with a like payment on the first day of each month thereafter for a period of 60 months. ***

"7.  Prejudgment Interest: Nine percent (9%) per annum simple interest on support arrearages from the date the arrearage accrues, until paid.

"8.  Postjudgment Interest: Rate: Nine percent (9%) per annum simple interest on support arrearages from the date the arrearage accrues, until paid."

Husband objected to the "prejudgment interest" provision in the proposed judgment, arguing that he should not be required to pay interest on installment amounts that were imposed retroactively because of the 2018 modification to the judgment. Wife argued that, under this court's decision in *Lakin v. Senco Products, Inc.*, 329 Or 369, 987 P2d 476 (1999), *overruled on other grounds by Horton v. OHSU*, 359 Or 168, 376 P3d 998 (2016), retroactive interest was appropriate because the original 2014 judgment had not been "wiped out." *See id.* at 373 (interest accrues from original

---

[1] In *Skinner I*, wife also appealed the child support award. That issue was not renewed in *Skinner II* and is not before this court.

judgment date when money award is modified after appeal, but interest accrues from new judgment date when appeal has effect of "wiping out" original judgment). The trial court agreed with wife and entered wife's proposed general judgment, including the above stated award for both prejudgment and post-judgment interest, as a corrected general judgment (the "2018 corrected judgment").

Husband appealed, arguing that the interest imposed on the retroactive support installments was improper prejudgment interest, and that the only permissible interest was post-judgment interest, which could not begin accruing until after the entry date of the 2018 corrected judgment. The Court of Appeals accepted husband's characterization of "prejudgment interest" and did not independently analyze whether the interest imposed on installments retroactive to 2018, but subsequent to the original 2014 judgment, was properly considered prejudgment, as opposed to post-judgment, interest.[2] Ultimately, the court held that the trial court erred in awarding wife prejudgment interest but did so on grounds other than those asserted by husband. The court determined that *Chase and Chase*, 354 Or 776, 323 P3d 266 (2014), controlled the issue because this court's discussion in that case of prejudgment interest with respect to child support awards was equally applicable to spousal support awards.

The Court of Appeals understood *Chase* to mean that an installment payment on a support obligation may accrue only post-judgment interest. *Skinner II*, 314 Or App at 400. Applying that rule here, the court held that the trial court's award of "prejudgment interest" was error. *Id.* Having determined that the trial court erred in awarding prejudgment interest at all, the court did not reach the issue of when such interest could otherwise have begun accruing. The court reversed and remanded the case to the trial court, and wife petitioned this court for review.

---

[2] In a footnote, the Court of Appeals noted that wife had asserted that the interest was retroactive post-judgment interest, rather than prejudgment interest. However, the court declined to address that distinction because "[w]ife *** [did] not make any meaningful arguments to support that distinction." *Skinner II*, 314 Or App at 398 n 3.

## II.   ANALYSIS

At issue in this case is whether the so-called *Lakin* rule applies to an installment money award that is increased on remand following an appeal when the additional amounts are retroactively added to past installment obligations. We begin with a review of the case law leading to the *Lakin* rule before considering that rule in the context of this case.

In *Lakin*, a jury awarded the plaintiffs $2.876 million in noneconomic damages. The trial court initially reduced that amount to comply with a statutory cap, but it reinstated the full award following a remand by this court. On review a second time, the parties disputed whether interest on the full damages amount began to accrue on the date that the trial court had entered the original judgment or on the date that the court had entered the modified judgment reinstating the full award. We determined that,

> "where a money award has been modified on appeal and the only action necessary in the trial court is compliance with the mandate of the appellate court, then the interest on the award, as modified, should run from the date of the original judgment or from the date that judgment should have been entered on a jury verdict in the lower court, as if no appeal had been taken."

*Lakin*, 329 Or at 373 (quoting *Pearson v. Schmitt*, 260 Or 607, 609, 492 P2d 269 (1971)). Further, we noted that the only exception is "if the action of the appellate court in reversing the opinion of the lower court has the effect of wiping out the original judgment" in which case the "interest should run only from the time when the amount of the new award is fixed[.]" *Id.* Using that rule, we held that interest on "the increased award of noneconomic damages beg[an] to accrue from the date when the trial court entered [the original] judgment." *Id.* at 371-72.

Ten years later, we clarified the *Lakin* rule. In *Young v. State of Oregon*, 346 Or 507, 511-12, 212 P3d 1258 (2009), the plaintiffs sought interest accruing from the date of the trial court's original judgment, which had awarded unpaid overtime compensation, on supplemental judgments increasing that award, which the court had entered on remand. Numerous appeals occurred throughout the case; in

relevant part, however, the plaintiffs appealed from a series of limited judgments that established their money awards, arguing, among other things, that the trial court had used the wrong method to calculate those awards. After entering the limited judgments, but while the plaintiffs' appeal was still pending, the trial court entered a final judgment subject only to the possibility of modification from the plaintiffs' appeal. *Id.* at 511.

On remand from this court, the trial court used a different calculation method and entered a series of supplemental judgments that awarded the plaintiffs the difference between the amounts granted in the initial limited judgments and the higher amounts owed to the plaintiffs under the new calculation method. The plaintiffs sought interest on those increased amounts, arguing that, under the *Lakin* rule, interest should accrue from the date that the trial court entered the final judgment while the appeal was pending. The trial court denied the request for post-judgment interest, the Court of Appeals affirmed, and we granted review.[3]

The state argued that the *Lakin* exception applied because requiring the trial court to use a different calculation method effectively "wiped out" the final judgment. However, we stated that "the phrase 'wiping out' describes the effect of a 'full reversal' of the trial court's judgment," and the supplemental judgments had merely reflected an anticipated modification. *Id.* at 518-19. Therefore, we held that the *Lakin* rule still applied and that post-judgment interest accrued from the date of the original judgment. *Id.* at 519.

Wife argues that, under *Lakin* and *Young*, interest in this case should run from the original installment dates set forth by the original 2014 judgment because that judgment is the original judgment. In response, husband argues that the *Lakin* rule should apply only to "lump sum" awards that are increased or decreased following appeal, not to support awards made in installments. In other words, because the maintenance awards that were imposed retroactively as a result of the 2018 corrected judgment did not exist in the

---

[3] We also considered whether the state was immune from the imposition of interest. We held that the state was liable for interest on the judgment.

original 2014 judgment, husband argues that they should not be subject to interest under *Lakin*.

We agree with wife. We see no reason to limit application of the *Lakin* rule to lump sum judgments. *Lakin* applies to money awards that are modified on appeal. A support award is a money award because it is a portion of a judgment that requires the payment of money. *See* ORS 18.005(14), (19) (defining "money award" and "support award"). Like the modification in *Young*, the change to wife's spousal support award on remand did not "wipe out" the original 2014 judgment. Rather, the trial court merely applied different factors in its calculation of wife's support award on remand. The 2018 corrected judgment thus modified the original 2014 judgment by increasing the maintenance support amount and changing the date as of which those payments were owed.[4] Such a modification is not the same as creating a new spousal support award altogether.

Even if *Lakin* applies, husband argues, *Young* would not permit the accrual of interest from the installment due dates. Noting that, in *Young*, the interest began to accrue from the final judgment, which had been entered *after* the limited judgments that were later increased on remand, husband argues that the interest in this case should similarly accrue from the 2018 corrected judgment, not the original installment dates.[5]

In *Young*, post-judgment interest began to accrue from the date of the final judgment because the final

---

[4] We acknowledge that, generally, judgments that modify installment obligations do not apply retroactively. *See* ORS 107.135(7) ("The court may not modify any portion of the judgment that provides for any payment of money *** that has accrued before the motion is served."). However, ORS 107.135 applies when one party files a motion with the trial court to modify the support award due to a change of circumstances that impacts their needs or ability to pay. ORS 107.135(3). The change in wife's spousal support award in this case did not occur pursuant to ORS 107.135; therefore, the limitations in ORS 107.135(7) are inapplicable in this case.

[5] Husband also argues that Lakin contains a foreseeability element; the debtor in that case knew how much the award could be increased on appeal. In this case, however, husband argues that that foreseeability element is unmet because he could not have known the exact amount of additional support that the 2018 corrected judgment would impose. We are not persuaded. The use of a different calculation method after wife's appeal is the sort of foreseeable change that we have described as an "anticipated modification." *Young*, 346 Or at 519.

judgment was the "original judgment" for purposes of the *Lakin* rule. Whether interest should have accrued from the date of entry of the limited judgments was not a question before this court, nor does that question bear on when interest should begin to accrue here. Under both *Lakin* and *Young*, the original judgment (unless "wiped out" on appeal) is the operative judgment for determining when interest begins to accrue. In this case, the 2014 judgment is the original judgment, as modified by the 2018 corrected judgment, and interest therefore begins to accrue from the installment dates established by the original 2014 judgment.

We understand the Court of Appeals' analysis to have been driven by the assumption that the trial court awarded impermissible "prejudgment interest" for which, under *Chase*, installment payments on support awards do not qualify. That assumption was understandable in light of the parties' and the trial court's choice of terminology. However, for the reasons that we have explained, interest on support installments established by the original 2014 judgment is, in fact, *post-judgment* interest under *Lakin* even though it was imposed retroactively from the 2018 corrected judgment.

Husband argues, finally, that the award of interest is unfair because it does not consider both wife's needs and his ability to pay. *See* ORS 107.105(1)(d)(C)(viii) (requiring trial court to consider "[t]he financial needs and resources of each party" when awarding spousal maintenance support). Husband asserts that awarding interest on installments that the 2018 corrected judgment retroactively increased would give wife a windfall by providing more support than she needs while requiring husband to pay more than he may be able to afford. Additionally, husband argues that that windfall results solely from the trial court's failure to award the proper amount of support. Thus, in husband's view, wife would receive an undue benefit from the trial court's error while husband would suffer undue harm from that error. Husband asserts that such a situation contradicts the balancing of interests underlying ORS 107.105.

We are unpersuaded by husband's arguments. Awarding interest compensates wife for the lost time value

of money—the benefit of which husband has enjoyed—that, according to the trial court, she should have received in prior years and does not constitute a windfall.[6]

For those reasons, we hold that, when a spousal support award on appeal is reversed and remanded for a different calculation and the modified judgment entered on remand applies that award retroactively and imposes interest, the *Lakin* rule applies and that post-judgment interest begins to accrue from each installment date. That interest accrues separately on each monthly unpaid balance as it arises. *See Shannon v. Shannon*, 193 Or 575, 581, 238 P2d 744 (1951), *reh'g den*, 193 Or 582, 239 P2d 993 (1952) (holding that alimony installment payments begin accruing interest from each installment date).

## III.   CONCLUSION

Accordingly, we hold that the Court of Appeals erred by denying wife interest on the past due amounts, the circuit court erred by imposing prejudgment interest, but the circuit court correctly granted wife interest on the past due spousal support amounts. Wife is entitled to post-judgment interest at the statutory rate of nine percent per annum for each additional $1,000 per month that is due and unpaid by husband, beginning May 1, 2014. That is, upon the entry of the 2018 corrected judgment, husband owed an additional $1,000 on May 1, 2014. Statutory interest at nine percent per annum began accruing on that $1,000 on May 1, 2014, and continues to accrue until paid. That analysis applies to each installment date where a debt remains due and unpaid.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for further proceedings.

---

[6] The "time value" of money recognizes that a dollar today is worth less than that dollar would have been worth in the past. That is because a dollar in the past could have been invested and gained value over time. Mihail Busu, *Essentials of Investment and Risk Analysis: Theory and Applications* 11-13 (2022). Thus, imposing interest when a debtor fails to make a payment recognizes that the principal amount that the creditor eventually receives has less value when the creditor receives it later than the date that they were owed.